NUMBER
13-03-367-CV

 

                                      COURT OF APPEALS

 

                            THIRTEENTH DISTRICT OF TEXAS

 

                              CORPUS CHRISTI - EDINBURG

___________________________________________________________________

 

CITGO PETROLEUM
CORPORATION AND

CITGO REFINING AND
CHEMICALS, INC.,                                              Appellants,

 

                                                             v.

 

WRIGHT PETROLEUM CO.,
INC., D/B/A

WRIGHT PETROLEUM, AND
WILLIAM E.

WRIGHT, JR.,
INDIVIDUALLY,                                                               Appellees.

___________________________________________________________________

 

                                On appeal from the
92nd District Court

                                          of Hidalgo
County, Texas.

___________________________________________________  _______________

 

                                 MEMORANDUM OPINION[1]

 

                        Before
Chief Justice Valdez and Justices Hinojosa and Rodriguez 

                                          Memorandum
Opinion by Justice Rodriguez                                                                                                                             








This is an appeal
from a summary judgment granting declaratory relief and awarding attorney's
fees in favor of appellees, Wright Petroleum Co., Inc., d/b/a Wright Petroleum,
and William E. Wright, Jr., individually. 
See Tex. Civ. Prac. &
Rem. Code Ann. '' 37.002, 37.009 (Vernon 1997).  By three issues, appellants, Citgo Petroleum
Corporation and Citgo Refining and Chemicals, Inc., contend the following:  (1) the trial court erred by granting
appellees a declaratory judgment on issues that were pending before the court;
(2) the trial court erred by assessing the amount and reasonableness of
attorney's fees without presenting these questions to a jury; and (3) the trial
court erred in granting summary judgment in favor of appellees when there was a
material fact issue as to the amount and reasonableness of attorney's
fees.  We affirm.

I.  Background








Both appellants
and appellees were named as defendants in the underlying wrongful death and survival
action.  Appellants then filed a
cross-claim against appellees, alleging that appellees had breached their
contractual obligation to indemnify and defend them in the underlying suit
based on provisions found in a Distributor Franchise Agreement and a Carrier
Card Agreement signed by Citgo Petroleum Corporation and Wright Petroleum Co.,
Inc.[2]  Appellees also filed a counterclaim against
appellants pursuant to the Uniform Declaratory Judgments Act (the Act), seeking
a declaratory judgment and attorney's fees. 
See Tex. Civ. Prac. &
Rem. Code Ann. '' 37.002, 37.009. 
In addition, appellees filed motions for summary judgment on appellants'
cross-claim and on their counterclaim. 
The trial court granted summary judgments in favor of appellees on their
motions for summary judgment.[3]  As a result of granting declaratory relief in
favor of appellees, the trial court awarded appellees attorney's fees.  See id. '
37.009.

II.  Declaratory Judgment

By their first
issue, appellants contend the trial court erred in granting appellees a
declaratory judgment on their counterclaim because it raised issues already
pending before the court.  We disagree.








The purpose of
the Act is "to settle and afford relief from uncertainty and insecurity
with respect to rights, status, and other legal relations."  Id. '
37.002(b).  A declaratory judgment is
appropriate only if a justiciable controversy exists as to the rights and
status of the parties and the controversy will be resolved by the declaration
sought.  Bonham State Bank v. Beadle,
907 S.W.2d 465, 467 (Tex. 1995). 
However, the Act is not available to settle disputes already pending
before the court.  BHP Petroleum Co.
v. Millard, 800 S.W.2d 838, 841 (Tex. 1990) (orig. proceeding); Staff
Indus., Inc. v. Hallmark Contracting, Inc., 846 S.W.2d 542, 547-48 (Tex.
App.BCorpus Christi 1993, no writ).  Therefore, a counterclaim seeking a
declaratory judgment is proper only if it is more than a mere denial of and has
greater ramifications than the plaintiff's original claim.  BHP Petroleum Co., 800 S.W.2d
at 842.  A counterclaim has greater
ramifications than the original suit if it seeks affirmative relief.  HECI Exploration Co. v. Clajon Gas Co.,
843 S.W.2d 622, 638-39 (Tex. App.BAustin 1992, writ denied).  To state a claim for affirmative relief, a
counterclaim must allege that the defendant has a cause of action, independent
of the plaintiff's claim, on which he could recover benefits, compensation or
relief, even if the plaintiff were to abandon his cause of action or fail to
establish it.  BHP Petroleum Co.,
800 S.W.2d at 841.  A counterclaim that
presents no new controversy, but instead exists solely to pave the way for an
award of attorney's fees, is improper.  Hitchcock
Props. Inc. v. Levering, 776 S.W.2d 236, 239 (Tex. App.BHouston [1st Dist.] 1989, writ denied).













The Texas Supreme
Court has held that an existing contract creates an ongoing and continuing
relationship between the parties to that contract.  See BHP Petroleum Co., 800 S.W.2d at
842.  Based on that ongoing relationship,
the Texas Supreme Court has also held that appellees' counterclaim has greater
ramifications than appellants' cross-claim if it seeks an interpretation of the
contract that would have the effect of defining obligations of the parties
under the contract for the foreseeable future. 
See id.  Here, the
Distributor Franchise Agreement and Carrier Card Agreement established an
ongoing and continuing relationship between the parties thereto.[4]  Id.  While appellees' counterclaim incorporated
appellants' allegations with respect to the underlying action, it also sought a
declaration of future obligations pursuant to the Distributor Franchise
Agreement and Carrier Card Agreement.[5]  Because appellees' counterclaim sought an
interpretation of the agreements that would have the effect of defining the
rights and obligations of the parties thereto for the foreseeable future with
respect to (1) the indemnity provisions, (2) the insurance provisions, and (3)
the personal liability of William E. Wright, Jr., based on the agreements,
their counterclaim was more than a mere denial of and had greater ramifications
than appellants' cross-claim.  See
id.  Appellees' counterclaim stated a
cause of action on which they could recover benefits, compensation or relief,
even if appellants had abandoned their cause of action or had failed to
establish it.  See id.  Therefore, we conclude that appellees
properly sought a declaratory judgment and the trial court did not err in
granting appellees declaratory relief based on their counterclaim.  We overrule appellants' first issue.

III.  Attorney's Fees

By their third
issue, appellants contend the trial court erred in granting summary judgment in
favor of appellees with respect to attorney's fees when there was a material
fact issue as to the amount and reasonableness of the fees.[6]

A.  Standard of Review








We review the
granting of a traditional motion for summary judgment de novo.  Natividad v. Alexsis, Inc., 875 S.W.2d
695, 699 (Tex. 1994).  To prevail, the
moving party has the burden of showing that there is no genuine issue of
material fact and that he is entitled to judgment as a matter of law.  Tex.
R. Civ. P. 166a(c); Lear Siegler, Inc. v. Perez, 819 S.W.2d 470,
471 (Tex. 1991).  In determining whether
there is a genuine issue of material fact precluding summary judgment, we take
evidence favorable to the nonmovant as true, indulge every reasonable inference
in favor of the nonmovant, and resolve all doubts against the movant.  M.D. Anderson Hosp. & Tumor Inst. v.
Willrich, 28 S.W.3d 22, 23 (Tex. 2000) (per curiam).

B.  Analysis

Appellants first
argue that appellees did not file a motion for summary judgment as to
reasonable and necessary attorney's fees. 
However, appellees requested attorney's fees pursuant to section 37.009
in their motion for summary judgment on their counterclaim.  See Tex.
Civ. Prac. & Rem. Code Ann. ' 37.009. Therefore, we conclude that appellees did
move for summary judgment as to attorney's fees. 








Appellants also
contend that their original and amended affidavits filed as evidence on
attorney's fees raised an issue of material fact.  We disagree. 
Appellees filed their affidavit in support of attorney's fees on
December 13, 2002, and filed a correction to the affidavit on December 16,
2002.  Appellants' original affidavit and
objections to appellees' affidavit were file stamped on January 15, 2003.[7]  On February 13, 2003, without leave of court,
appellants filed an amended affidavit. 
On March 19, 2003, the trial court entered final summary judgment in
favor of appellees on appellants' cross-claim and on their counterclaim.  The trial court, in sustaining appellees'
objections to appellants' original affidavit, struck appellants' original
affidavit and awarded appellees reasonable and necessary attorney's fees.[8]  The judgment made no mention of appellants'
amended affidavit.  Because it is well
established that summary judgment evidence may not be filed late except on
leave of court, we presume the trial court did not consider appellants' amended
affidavit.  See Tex. R. Civ. P.
166a(c); Benchmark Bank v. Crowder, 919 S.W.2d 657, 663 (Tex. 1996)
(citing INA of Tex. v. Bryant, 686 S.W.2d 614, 615 (Tex. 1985)
(providing that where nothing appears of record to indicate that late filing of
summary judgment response was with leave of court, it is presumed that trial
court did not consider the response)). 
Therefore, appellants offered no evidence to create an issue of material
fact as to attorney's fees.








Finally,
appellants assert that appellees' affidavit regarding the reasonableness and
necessity of attorney's fees is conclusive and does not support a summary
judgment on attorney's fees.  We
disagree.  Appellees' uncontroverted
affidavit of Roberto L. Ramirez, appellees' counsel, sets out his qualifications,
identifies the nature and type of work performed by the firm of Kittleman,
Thomas, Ramirez & Gonzales, P.L.L.C., and the firm of Norquest and Brisack
in the representation of appellees, specifies the number of hours expended
representing appellees in this matter, and states the fees requested are
reasonable and necessary and customarily charged for similar services.  See Columbia Rio Grande Reg'l Hosp. v.
Stover, 17 S.W.3d 387, 397 (Tex. App.BCorpus Christi 2000, no writ) (identifying the
factors that are to guide our determination of whether attorney's fees are
reasonable and necessary).  Therefore, we
conclude that appellees' affidavit regarding attorney's fees was not
conclusory, but rather provided a basis on which the court could make a factual
determination as to the reasonableness and necessity of the fees and a legal
determination as to whether the fees are just and equitable.  See id.

Thus, we conclude
that there was no genuine issue of material fact precluding the granting of
summary judgment in appellees' favor.  See
M.D. Anderson Hosp.& Tumor Inst., 28 S.W.3d at 23.  We overrule appellants' third issue.  

IV.  Jury Trial on Attorney's Fees

By their second
issue, appellants contend that the trial court erred in assessing the amount
and reasonableness of attorney's fees without presenting these questions to a
jury.  We disagree.








As we have
concluded above, appellants failed to raise an issue of material fact as to the
reasonableness and necessity of attorney's fees.  As a result, the trial court granted a
summary judgment on attorney's fees.  The
purpose of the summary judgment rule is to provide a method of summarily
terminating a case when it clearly appears that there are no genuine issues of
fact.  Marts v. Transp. Ins. Co., 111
S.W.3d 699, 703 (Tex. App.BFort Worth 2003, pet. denied) (citing Lattrell v.
Chrysler Corp., 79 S.W.3d 141, 150 (Tex. App.BTexarkana
2002, pet. denied)).  When a party cannot
show a material fact issue, there is nothing to submit to a jury, and the
granting of summary judgment to the opposing party does not violate the
constitutional right to a jury trial.  Id.
(citing Lattrell, 79 S.W.3d at 150; Querner Truck Lines, Inc. v.
Alta Verde Indus., Inc., 747 S.W.2d 464, 469 (Tex. App.BSan Antonio 1988, no writ)).  Thus, we conclude that the trial court
properly granted summary judgment in favor of appellees as to attorney's fees
because there was no controverted evidence to present to a jury.  Id. 
We overrule appellants' second issue.

V.  Conclusion

Accordingly, we affirm the
judgment of the trial court.

 

NELDA V. RODRIGUEZ

Justice

 

Memorandum Opinion delivered and 

filed this 23rd day of November, 2005.

 











[1]All issues of law presented by this
case are well settled, and the parties are familiar with the facts.  Therefore, we will not recite the law or the
facts except as necessary to advise the parties of the Court's decision and the
basic reasons for it.  See Tex. R. App. P. 47.4.





[2]Appellees contend that Citgo
Refining and Chemicals, Inc., and William E. Wright, Jr., individually, are not
parties to the Distributor Franchise Agreement and Carrier Card Agreement.





[3]The trial court severed appellants'
cross-claim and appellees' counterclaim from the underlying wrongful death and
survival action.





[4]The Distributor Franchise Agreement
is written so that it automatically renews at three year intervals unless a
party to the agreement terminates it pursuant to its terms.  The Carrier Card Agreement is written so that
it does not expire unless it is revoked or terminated according to its terms.





[5]Appellants' sixth amended
cross-claim alleged the following:  (1)
that if appellants were found liable in the underlying wrongful death and
survival action, they were entitled to contribution from appellees; (2)
appellees agreed to indemnify, defend and hold harmless appellants from
allegations made against them in the underlying suit and failed to do so; (3)
appellees agreed, pursuant to written contracts, to name appellants as
additional insureds and to provide a certain amount of insurance coverage in
favor of appellants and failed to do so; (4) appellees breached their
contractual obligations; (5) appellants were the intended beneficiaries of any
contract of insurance between appellees and their insurance companies; and (6)
all conditions precedent have been performed, and alternatively, appellees and
their insurers have waived any such terms, conditions, notices or requirements,
or are estopped from asserting them.  In
essence, appellants' cross-claim was a suit for contribution and breach of
contract with respect to the underlying wrongful death and survival
action.  In their first amended
counterclaim, appellees sought a declaration that (1) the indemnity provisions
in question are unenforceable to the extent they fail to comply with the
express negligence test and are not conspicuous, (2) they were not bound to
indemnify appellants in the underlying cause and that the claims are
unenforceable as to all past and future obligations, (3) William E. Wright,
Jr., is not personally liable under the terms of the agreements as to the
underlying cause and as to all past and future obligations, (4) Citgo Refining
and Chemicals, Inc., has no right to make claims under the agreements in
question, (5) insofar as appellees were settling parties in the underlying
action, they owe no contribution to appellants, (6) they complied with the
terms of the agreements in terms of purchasing the proper limits of insurance
and designating Citgo Petroleum Corporation as an additional insured as to the
underlying cause and all past and future obligations arising under the
agreements, (7) alternatively, appellants waived any technical non-compliance
with the agreements, and (8) an award of reasonable and necessary attorney's
fees to appellees is authorized pursuant to section 37.009 of the Texas Civil Practice
and Remedies Code.





[6]The Act allows for the award of
attorney's fees in any proper declaratory judgment proceeding.  Tex.
Civ. Prac. & Rem. Code Ann. ' 37.009.  The
awarding of attorney's fees pursuant to the Act rests within the trial court's
discretion; however, the Act imposes four limitations upon the court's
discretion.  See Columbia Rio Grande
Reg'l Hosp. v. Stover, 17 S.W.3d 387, 397 (Tex. App.BCorpus Christi 2000, no writ)
(citing Bocquet v. Herring, 972 S.W.2d 19, 21 (Tex. 1998); Welder v.
Green, 985 S.W.2d 170, 180 (Tex. App.BCorpus Christi 1998, pet. denied)).  The attorney's fees must be reasonable,
necessary, equitable, and just.  Id.  The reviewing court must make a factual
determination as to the reasonableness and necessity of the fees awarded and a
legal determination as to whether the fees are equitable and just.  Id. 






[7]Appellants' affidavit and
responsive materials were due on or before January 14, 2003.  However, we do not determine on appeal
whether appellants' original affidavit and objections were timely filed.





[8]Appellees objected to appellants'
original affidavit claiming that the statements contained in the affidavit were
mere legal conclusions and unsubstantiated opinions of the affiant.  In addition, appellees objected to the
affidavit in that it did not indicate the facts or reasoning on which the
expert based his opinion.