**BHP PETROLEUM COMPANY
INC., Relator,**

v.

**The Honorable Richard W. MILLARD,
Judge, Respondent.**

**No. C–9504.**

Supreme Court of Texas.

Nov. 21, 1990.

Rehearing Overruled Jan. 23, 1991.

Stephen D. Susman, John B. McArthur, Jon M. Bowden, W. James Kronzer, Houston, Jack D. Sage, Grand Rapids, Mich., for relator.

Thomas R. McDade, Layne E. Kruse, Roger Townsend, Houston, for respondent.

## OPINION

HIGHTOWER, Justice.

In this original proceeding, Relator BHP Petroleum Company, Inc. (BHP) seeks a writ of mandamus directing the trial judge to grant its motion for nonsuit and dismiss the entire proceeding including ANR Pipeline Company, Inc.'s counterclaim. We deny the writ of mandamus.

BHP is a producer and seller of natural gas. ANR Pipeline Company, Inc. (ANR), the real party in interest, is engaged in the purchasing, transporting and selling of natural gas. BHP and ANR entered into a gas purchase contract in 1984; however, due to market conditions ANR requested relief from some of its obligations under the contract. In 1985, ANR filed a lawsuit in a Michigan state district court seeking declaratory relief.[1] BHP filed a Motion for Stay Pending Arbitration. ANR objected to the motion, contending that various portions of the contract were not subject to arbitration. In 1987, the Michigan court granted BHP's motion and ANR unsuccessfully appealed.[2]

In January 1989, BHP brought suit in Harris County against ANR for, among other things, its failure to comply with the contract.[3] In response, ANR filed its Defendant's Original Answer and Original Counterclaim[4] which included the following counterclaim and prayer for relief:

1. Among other things, ANR sought a judicial determination (1) that events have occurred which constitute force majeure or other causes not reasonably within the control of ANR and its customers, which have affected and will continue for the foreseeable future to affect ANR's takes of natural gas under the contract and (2) that by reason of such force majeure or other causes, the applicable "daily contract quantities" under the contract shall be deemed to be the actual volumes delivered on each day. On July 25, 1989, the Michigan state district court acknowledged that the entire dispute was pending in a Harris County, Texas court and continued its stay of the proceeding pending arbitration.

2. In December 1988, ANR filed suit in a Wyoming state district court seeking declaratory judgment on the same issues. In January 1989, the Wyoming state district court stayed all further proceedings in the case pending the disposition of the litigation between the parties pending in Michigan (including resolution of the arbitration proceedings).

3. In its Original Petition, BHP alleged that (a) ANR breached the "take-or-pay" obligations of the contract by failing to pay for monthly and yearly volumes of gas specified under the quantity provision of the contract, (b) ANR breached the contract by failing to pay for amounts due on a monthly basis as required by the pricing provisions of the contract, (c) ANR's conduct and actions constituted a breach of its common law and Uniform Commercial Code duty of good faith and was an independent tort, (d) ANR's conduct and actions entitled BHP to an accounting for a determination of the total amount due from ANR, (e) ANR's conduct and actions constituted an anticipatory repudiation of the contract and such acts have prevented BHP from receiving the value of the contract, (f) ANR's failure to produce (or pay for) the required volume of gas from wells in Wyoming has resulted in reduction and drainage of reservoirs covered by the contract by other producers and (g) the contract provides that interest accrues on all amounts which ANR fails to pay to BHP when such amounts are due. In addition, BHP alleged that it was also entitled to consequential and incidental damages, exemplary damages, costs of suit and reasonable attorney's fees.

4. In paragraphs 1 through 31 of Defendant's Original Answer and Original Counterclaim, ANR alleged, among other things, that revolutionary changes in the interstate natural gas industry have combined to excuse ANR's customers from obligations to take gas from ANR, that reductions in the gas volumes taken by ANR resale customers and the events and causes related to and affecting those reductions constitute force majeure and/or other causes not reasonably within the control of ANR and its customers, that such force majeure and other causes have affected and will continue to affect ANR's ability to take gas under the contract, that under the contract, if the buyer or seller is rendered unable wholly or in part by any cause of any kind not reasonably within its control to perform or comply with any obligation of the contract, such obligation is suspended during the continuance of the inability and such party is relieved of liability and is to suffer no prejudice for failure to perform the obligation during the period and that force majeure and/or other causes and events not reasonably within the control of ANR and its customers has suspended

32. ANR repeats and incorporates by reference all of the allegations of the preceding paragraphs 1 through 31.

33. An actual controversy exists between ANR and BHP regarding (a) the interpretation of certain provisions of the Contract; (b) the respective rights and obligations resulting therefrom; and (c) the claims BHP has asserted or may assert against ANR related to the Contract.

\* \* \* \* \* \*

WHEREFORE, ANR requests that this Honorable Court grant it relief as follows:

\* \* \* \* \* \*

2. Enter a declaratory judgment pursuant to Chapter 37 of the Texas Civil Practice and Remedies Code determining and declaring as follows:

In September 1989 and apparently before the commencement of any discovery, BHP filed a motion for nonsuit.[5] The trial judge signed an order of nonsuit which dismissed

the claims brought by BHP, retained ANR's counterclaim as a pending claim for affirmative relief that was not affected by the order and realigned the parties with ANR as plaintiff and BHP as defendant. Subsequently, BHP filed a request for reconsideration which was denied.

BHP argues that ANR's counterclaim failed to plead a claim for affirmative relief pursuant to Rule 162 of the Texas Rules of Civil Procedure and that the counterclaim is nothing more than a response to its Original Petition.[6] In response, ANR argues that its counterclaim is a "pending claim for affirmative relief" which may not be dismissed.[7] We agree with ANR.

■ "At any time before the plaintiff has introduced all of his evidence other than rebuttal evidence, the plaintiff may dismiss a case, or take a non-suit...." TEX.R.CIV.P. 162. The plaintiff's right to take a nonsuit is *unqualified and absolute* as long as the defendant has not made a claim for affirmative relief. *Greenberg v.*

---

any obligation of ANR to pay for certain volumes of gas (whether taken or not) and relieved ANR of liability for its failure to perform such obligation during such period. ANR also pleaded several "defensive matters" including but not limited to discharge of contractual obligations, failure of presupposed conditions, frustration of purpose and commercial impracticability, common law impossibility, voidness of the payment provisions as constituting a penalty or an unlawful liquidated damages provision, unconscionability, violation of public policy, exclusivity of contractual remedies, limitations, laches, waiver, estoppel and failure to mitigate damages.

5. BHP's lawsuit was originally filed in the 189th District Court of Harris County and subsequently dismissed without prejudice. In January 1989, BHP filed this lawsuit in the 165th District Court of Harris County. At ANR's suggestion and pursuant to the local rules, the trial judge in the 165th District Court found that "there is a substantial identity of parties and causes of action as in the prior case dismissed without prejudice in the 189th Judicial District Court with the case before this Court" and transferred the case to the 189th District Court on September 28, 1989. On the same day, BHP filed its motion for nonsuit in the 189th District Court and filed suit in an Oklahoma state district court and obtained a temporary restraining order from the Oklahoma court enjoining ANR from filing suit against BHP in any other forum with respect to the claims asserted by BHP in the

Oklahoma litigation or any possible defense to those claims.

6. BHP also argues that the trial judge erred when he considered "extraneous factors" in denying BHP's motion for nonsuit. During the hearing on BHP's request for reconsideration, Judge Millard expressed concern about BHP's intention to bring this suit in another jurisdiction. Judge Millard stated that "good economic use of the Court's time, lawyer's time and everyone else's time" dictates that we should "just go ahead and get this matter resolved." Although it is not determinative in this case, the threat that the suit might be brought in another jurisdiction or that judicial economy would be better served by denying the motion for nonsuit are irrelevant and should not have been considered by the trial judge when he ruled on BHP's motion.

7. ANR also argues that BHP is not entitled to mandamus relief. We disagree. "Writs of mandamus issue to control the conduct of an officer of government, judicial or administrative, only when the duty to do the act commanded is clear and definite and involves the exercise of no discretion—that is, when the act is ministerial." *Turner v. Pruitt*, 161 Tex. 532, 342 S.W.2d 422, 423 (1961). This court has held that the granting of a nonsuit is a ministerial act. *Greenberg v. Brookshire*, 640 S.W.2d 870, 872 (Tex.1982). Accordingly, BHP would be entitled to mandamus relief if the trial judge erroneously refused to grant a nonsuit and dismiss the case.

*Brookshire,* 640 S.W.2d 870, 871 (Tex. 1982); *McQuillen v. Hughes,* 626 S.W.2d 495, 496 (Tex.1981). To determine the propriety of the trial judge's action in this case, we must determine whether ANR's counterclaim[8] stated a claim for affirmative relief.

> To qualify as a claim for affirmative relief, a defensive pleading must allege that the defendant has a cause of action, independent of the plaintiff's claim, on which he could recover benefits, compensation or relief, even though the plaintiff may abandon his cause of action or fail to establish it.

*General Land Office v. Oxy U.S.A., Inc.,* 789 S.W.2d 569, 570 (Tex.1990) (quoting *Weaver v. Jock,* 717 S.W.2d 654, 657 (Tex. App.—Waco 1986, writ ref'd n.r.e.); *Newman Oil Co. v. Alkek,* 614 S.W.2d 653, 655 (Tex.App.—Corpus Christi 1981, writ ref'd n.r.e.).

■ Thus, under Rule 162, "[i]f a defendant does nothing more than resist plaintiff's right to recover, the plaintiff has an absolute right to the nonsuit." *General Land Office,* 789 S.W.2d at 570. The use of a creative pleading that merely restates defenses in the form of a declaratory judgment action cannot deprive the plaintiff of this right. *See Newman Oil,* 614 S.W.2d at 655. In *Newman Oil,* the plaintiffs sued defendants for fraudulent representations, breach of contract and violations of the Deceptive Trade Practices–Consumer Protection Act (the "DTPA"). *Id.* at 653. The defendants filed a counterclaim for declaratory relief and moved for summary judgment on the basis that they had not committed fraud, engaged in common law tort or deceptive trade practices, breached any contracts with the plaintiffs and were not liable under the DTPA. *Id.* at 654–655. Even though the counterclaim was framed in the form of a request for declaratory relief, the court of appeals held as follows:

> We hold that the above allegations pled in defendants' counterclaim are not any averments of fact upon which affirmative relief could be granted. *They are*

*merely denials of plaintiffs' cause of action.* Since plaintiffs had an absolute right to a nonsuit, the trial court had no other alternative than to grant the nonsuit and dismiss plaintiffs' cause of action without prejudice.

*Id.* at 655 (emphasis added).

■ The Declaratory Judgments Act is "not available to settle disputes already pending before a court." *Heritage Life v. Heritage Group Holding,* 751 S.W.2d 229, 235 (Tex.App.—Dallas 1988, writ denied); *John Chezik Buick v. Friendly Chevrolet,* 749 S.W.2d 591, 594 (Tex.App.—Dallas 1988, writ denied). This court in *Abor v. Black,* 695 S.W.2d 564, 566 (Tex.1985), eschewed use of a declaratory judgment action to "deprive the real plaintiff of the traditional right to chose the time and place of suit." Concluding that Texas trial courts should decline to exercise jurisdiction seeking a declaration of non-liability in a tort action, we followed cases holding that "a declaration of non-liability for past conduct is not normally a function of the declaratory judgment statute because it deprives the potential plaintiff of the right to determine whether to file, and if so, when and where." *Id.* Similarly, in *John Chezik Buick,* 749 S.W.2d at 594, the court found that a declaratory judgment counterclaim was not properly brought, because the issue raised by the defendant, that no agency relationship existed, was already before the court as part of the plaintiff's case. The court distinguished counterclaims seeking a true declaration controlling an ongoing and continuing relationship: "In our current case, *the harm sued upon was a one time occurrence that is fully covered by [the plaintiff]'s original suit.*" *Id.* at 595 (emphasis added). *See also Heritage Life,* 751 S.W.2d at 235 (dismissal of declaratory judgment counterclaim proper because no new controversies presented).

■ In certain instances, however, a defensive declaratory judgment may present issues beyond those raised by the plaintiff. In *Winslow v. Acker,* 781 S.W.2d 322, 328

---

8. ANR's assertion of a counterclaim in the form of a declaratory judgment did not relieve it of its burden to comply with the requirement to assert a claim for affirmative relief.

(Tex.App.—San Antonio 1989, writ denied), the plaintiffs filed suit to recover their share of overriding royalties in a mineral estate. The defendants filed a counterclaim to obtain a declaration of their right to the overriding royalties and for attorney's fees under the Declaratory Judgments Act. The plaintiffs filed a motion to strike defendants' counterclaim for declaratory relief and for attorney's fees; the trial court denied the motion to strike. *Id.* at 323. The court of appeals stated that "when a declaratory judgment counterclaim has greater ramifications than the original suit, the court may allow the counterclaim." *Id.* at 328. Since the plaintiffs sought recovery of their alleged proportion of the overriding royalty interests and the counterclaim would have the effect of settling all future disputes as to the granting of royalties under the deed, the court of appeals concluded that the declaratory judgment counterclaim had greater ramifications than the original suit and held that the trial court did not err in allowing the defendants' counterclaim to remain on file. *Id. See Placid Oil Co. v. Louisiana Gas Intrastate, Inc.,* 734 S.W.2d 1, 5 (Tex.App.—Dallas 1987, writ ref'd n.r.e.).

In its counterclaim, ANR incorporated all of the allegations in its Defendant's Original Answer and Original Counterclaim and stated: "An actual controversy exists between ANR and BHP regarding (a) the interpretation of certain provisions of the Contract; (b) the respective rights and obligations resulting therefrom; and (c) the claims BHP has asserted or may assert against ANR related to the Contract." In its "request for relief," ANR requested, among other things, that the court determine and declare "[t]hat events have occurred which constitute force majeure, as the parties agreed to define the term, or other causes not reasonably within the control of ANR and its customers, *which have affected and will continue for the foreseeable future to affect ANR's takes of natural gas under the Contracts ...."*

Although other theories were alleged, BHP's suit is essentially one for breach of the "take-or-pay" obligations of the gas

purchase contract and "consequential damages" and requested relief for underpayment for ANR's alleged failure to purchase or pay for specific quantities of BHP's gas from 1985 until time of judgment. However, the gas purchase contract is an ongoing and continuing relationship.[9] ANR's counterclaim sought an interpretation of the gas purchase contract which would have the effect of defining the obligations of the parties under that contract for the foreseeable future. Since ANR's counterclaim sought this additional relief, the counterclaim has greater ramifications than BHP's original suit.

ANR's counterclaim is more than the mere denial of BHP's causes of action and has stated a "cause of action" on which ANR could recover benefits, compensation or relief if BHP abandoned its causes of action or failed to establish them. Unlike *Newman Oil,* ANR's counterclaim is more than a restatement of its defenses to BHP's causes of action. Since ANR's counterclaim stated a claim for affirmative relief, BHP's right to take a nonsuit and dismiss the entire proceeding is not absolute. Therefore, we hold that the trial judge did not abuse his discretion when he refused to grant BHP's motion for nonsuit and dismiss the entire proceeding. We deny the writ of mandamus.

---

**9.** Unless terminated pursuant to its terms, the gas purchase contract will remain in effect until

January 1, 2001 as to existing gas and October 1, 2004 as to new gas.