TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-00-00203-CV






Dr. Robert Swerdlow in his Official Capacity; Texas Council on Purchasing from


People with Disabilities; Texas General Services Commission; and


Tom Treadway in his Official Capacity, Appellants



v.



TIBH Industries, Inc., Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT


NO. 98-01686, HONORABLE MARGARET COOPER, JUDGE PRESIDING






 Dr. Robert Swerdlow, the Texas Council on Purchasing from People with
Disabilities, the Texas General Services Commission and Tom Treadway (collectively "State"),
challenge the trial court's denial of their motion to clarify a temporary injunction filed after TIBH
Industries, Inc. filed a notice of nonsuit. By its motion to clarify, the State requested the trial
court to order that a two-year-old temporary injunction was interlocutory and dissolved with the
filing of the nonsuit. Because the dismissal of the lawsuit automatically dissolved the temporary
injunction, we conclude that the State has not suffered any harm as a result of the trial court's
judgment. Accordingly, we will affirm.


Background


 The Texas Council on Purchasing from People with Disabilities ("Council")
oversees what the parties refer to as the Texas State Use Program ("Program"). The Program
provides a mechanism through which the disabled population is able to produce goods and services
for various state agencies and local political subdivisions. The Council appoints a central non-profit agency ("CNA") to manage the daily operations of the Program. TIBH Industries, Inc. is
a private, non-profit corporation that has served as the CNA since the late 1970s.

 In 1998, the Council did not renegotiate TIBH's contract but sought instead to select
a new CNA through a competitive bidding process. TIBH filed the underlying lawsuit to enjoin
the competitive bidding process, contending it violated section 122.019(d). See Tex. Human Res.
Code Ann. § 122.019(d) (West Supp. 2000). In addition, TIBH sought to enjoin the Council from
requiring it to train a successor CNA and from requiring TIBH to turn over its proprietary records
and trade secrets to a successor CNA. After the hearing on the temporary injunction, the parties
agreed to a temporary order signed by the trial court on March 11, 1998, and proceeded to
mediation. The order preserved the status quo pending further court order, and provided among
other things that TIBH did not have to submit its files, records or documentation relating to the
Program to anyone and did not have to train, orient or brief any successor CNA.

 On January 18, 2000, TIBH filed a Notice of Nonsuit as to all claims against all
defendants. Two days later, the State filed a Motion for Clarification or in the Alternative to
Modify the March 11, 1998 order. On February 1, the trial court held a hearing on the motion
but denied the State's request, stating that it lacked jurisdiction to act on the motion. On February
2, the trial court signed an order of dismissal without prejudice pursuant to TIBH's notice of
nonsuit. The State appeals from the order of dismissal, raising two issues. The State does not
challenge the trial court's dismissal of the cause following TIBH's nonsuit. Instead, the State
complains that the trial court erred in refusing to rule on its motion to modify the March 11 order
or to clarify that the agreed temporary order was dissolved upon dismissal of the action. We will
affirm the order of dismissal.


Discussion


 A party has an absolute and unqualified right to take a nonsuit of a pending claim
so long as the opposing party has not made a claim for affirmative relief. BHP Petroleum Co.,
Inc. v. Millard, 800 S.W.2d 838, 840-41 (Tex. 1990); see Tex. R. Civ. P. 162. A nonsuit is a
termination of the pleaded causes of action and asserted defenses without an adjudication of the
merits that returns the parties to their pre-lawsuit positions. Rexrode v. Bazar, 937 S.W.2d 614,
619 (Tex. App.--Amarillo 1997, no writ). A nonsuit is effective upon the filing of the notice of
nonsuit. Shadowbrook Apartments v. Abu-Ahmad, 783 S.W.2d 210, 211 (Tex. 1990); Greenberg
v. Brookshire, 640 S.W.2d 870, 872 (Tex. 1982).

 Generally, the trial court has no discretion to refuse to sign an order of dismissal
once a notice of nonsuit has been filed. In re Bennett, 960 S.W.2d 35, 38 (Tex. 1997). However,
a dismissal has no effect on motions for sanctions, attorney's fees, or costs pending at the time the
notice of nonsuit is filed. Tex. R. Civ. P. 162. Moreover, a trial court may impose sanctions
filed after a nonsuit if the trial court retains plenary power. Scott & White Mem'l Hosp. v.
Schexnider, 940 S.W.2d 594, 596 (Tex. 1996). The trial court's granting of a nonsuit is a
ministerial act. Shadowbrook, 783 S.W.2d at 211. 

 The State did not have a claim for affirmative relief on file at the time TIBH filed
its notice of nonsuit, and did not seek sanctions, attorneys' fees or costs. Thus, TIBH's notice of
nonsuit ended the controversy, and the trial court had no discretion to refuse to sign an order of
dismissal.

 The State contends that the trial court erred by not modifying the March 11 order
or ruling that the March 11 order was interlocutory and thus was dissolved after upon nonsuit. 
Even assuming without deciding that the trial court had jurisdiction to entertain the State's motion
to modify or clarify, we conclude that the State suffered no harm by the trial court's refusal to act. 
When a trial court dismisses an action pursuant to a notice of nonsuit, a temporary order rendered
during the pendency of the cause automatically dissolves by operation of law without further order
of the trial court. See General Land Office v. OXY U.S.A., Inc., 789 S.W.2d 569, 571 (Tex.
1990) (when trial court dismisses lawsuit, temporary injunction automatically dissolved). 
Accordingly, the State received the relief it requested because the trial court's dismissal
automatically dissolved the order of which the State complains. Because the State can show it
suffered no harm by the action of the trial court, we overrule the State's two issues and affirm the
trial court's order of dismissal. TIBH's motion to dismiss the appeal is overruled.



 

 Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Patterson

Affirmed

Filed: December 21, 2000

Do Not Publish


etitive bidding process, contending it violated section 122.019(d). See Tex. Human Res.
Code Ann. § 122.019(d) (West Supp. 2000). In addition, TIBH sought to enjoin the Council from
requiring it to train a successor CNA and from requiring TIBH to turn over its proprietary records
and trade secrets to a successor CNA. After the hearing on the temporary injunction, the parties
agreed to a temporary order signed by the trial court on March 11, 1998, and proceeded to
mediation. The order preserved the status quo pending further court order, and provided among
other things that TIBH did not have to submit its files, records or documentation relating to the
Program to anyone and did not have to train, orient or brief any successor CNA.

 On January 18, 2000, TIBH filed a Notice of Nonsuit as to all claims against all
defendants. Two days later, the State filed a Motion for Clarification or in the Alternative to
Modify the March 11, 1998 order. On February 1, the trial court held a hearing on the motion
but denied the State's request, stating that it lacked jurisdiction to act on the motion. On February
2, the trial court signed an order of dismissal without prejudice pursuant to TIBH's notice of
nonsuit. The State appeals from the order of dismissal, raising two issues. The State does not
challenge the trial court's dismissal of the cause following TIBH's nonsuit. Instead, the State
complains that the trial court erred in refusing to rule on its motion to modify the March 11 order
or to clarify that the agreed temporary order was dissolved upon dismissal of the action. We will
affirm the order of dismissal.


Discussion


 A party has an absolute and unqualified right to take a nonsuit of a pending claim
so long as the opposing party has not made a claim for affirmative relief. BHP Petroleum Co.,
Inc. v. Millard, 800 S.W.2d 838, 840-41 (Tex. 1990); see Tex. R. Civ. P. 162. A nonsuit is a
termination of the pleaded