Affirmed and Memorandum Opinion filed November 16, 2006








Affirmed
and Memorandum Opinion filed November 16, 2006.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-04-00513-CV

_______________

 

JOSE DIAZ de LEON, Appellant

 

V.

 

TESCO CORPORATION, Appellee

                                                                                                                                               


On Appeal from 215th District Court

Harris County, Texas

Trial Court Cause No. 03‑33519B

                                                                                                                                               


 

M E M O R A N D U M   O P I N I O N

 

Jose Diaz de Leon (Ade Leon@) appeals a summary judgment granted
in favor of Tesco Corporation (ATesco@) on the grounds that: (1) declaratory relief was not
available to Tesco; (2) the trial erred in concluding that Texas law applied;
and (3) Tesco was not entitled to recover attorney=s fees.  We affirm.

 








Background

Tesco, a Canadian corporation with
both United States and Mexican subsidiaries, hired de Leon in 1996 as its
Financial and Contracts Administrator, Latin America, for its United States= subsidiary.  In 2001, Tesco
eliminated de Leon=s position.  In return for a severance package from Tesco, de
Leon executed a confidential release (the Arelease@),  releasing Tesco and its
affiliates from all liability stemming from his employment relationship. 
However, in 2002, de Leon filed suit against Tesco in a Mexican court (Athe Mexican lawsuit@) asserting claims for profit
sharing, overtime pay, unjustified termination, back salary, and various other
benefits he claimed under Mexican law.  Tesco thereafter sued de Leon in this
lawsuit for breach of the release and damages, and a declaration of the parties= respective rights and obligations
under the release.  Tesco filed a motion for partial summary judgment, seeking:
(1) a declaratory judgment that the release bars subsequent claims related to
de Leon=s employment; and (2) a finding that
by bringing and prosecuting the Mexican lawsuit, de Leon had materially
breached the release.  The trial court granted the declaratory judgment sought
by Tesco, but made no finding as to whether de Leon had breached the release. 
Tesco then filed a motion for attorney=s fees, severance, and final judgment
on its claim for declaratory relief.  After the trial court granted those
motions, Tesco non-suited its remaining claim for breach of contract.

                                                            Standard
of Review

A traditional summary judgment may be
granted if the motion and summary judgment evidence show that, except as to the
amount of damages, there is no genuine issue of material fact and the moving
party is entitled to judgment as a matter of law.  Tex. R. Civ. P. 166a(c).  In reviewing a summary judgment, we
take as true all evidence favorable to the nonmovant and indulge every
reasonable inference, and resolve any doubts, in the nonmovant=s favor.  Valence Operating Co. v.
Dorsett, 164 S.W.3d 656, 661 (Tex. 2005).

 








                                                         Declaratory
Judgment

De Leon=s first issue challenges the summary
judgment on the grounds that the declaratory relief Tesco sought was: (1) 
encompassed within its breach of contract claim in this action; and (2) already
pending in the Mexican lawsuit.

A declaratory judgment is generally
not available to settle issues already raised by an opposing party in a case,
unless the request for declaratory relief seeks additional relief, such as
defining parties= ongoing obligations under a contract.  BHP Petroleum Co.
v. Millard, 800 S.W.2d 838, 841-42 (Tex. 1990).  In this case, Tesco=s claim for declaratory relief was
not foreclosed by its claim for breach of contract claim because: (1) the two
claims were being asserted by the same party, which is permissible;[1]
(2) to the extent the two claims sought overlapping relief, the breach of
contract claim was non-suited; and (3) the request for declaratory relief
sought (and obtained[2]) a
declaration of the parties= rights to pursue claims arising from de Leon=s employment prospectively, i.e.,
beyond the alleged breach of the release.

As to the effect of the Mexican
lawsuit, de Leon has cited, and we have found, no cases in which a lawsuit
pending in a foreign jurisdiction operated to curtail a claim for declaratory
relief in Texas.  In addition, in the Mexican lawsuit, de Leon seeks relief under
Mexican law to which he is not entitled under Texas law.  Therefore, the
decision in the Mexican lawsuit will not address the same issue as the
declaratory judgment in this case, namely, whether the release bars subsequent
claims relating to de Leon=s employment with Tesco under Texas law.  Because de Leon=s first issue thus fails to
demonstrate that the trial court erred in granting the declaratory judgment, it
is overruled.








Choice-of-Law

De Leon=s second issue contends that the
trial court erred in determining that Texas law, rather than Mexican law,
controlled the construction of the release.  Because much of his employment
with Tesco either occurred in Mexico or benefitted Tesco=s Mexican subsidiary, de Leon argues
that the release should be construed under Mexican law, under which the release
would not be enforceable.

However, the trial court=s judgment did not determine what law
would apply in enforcing the release, but only stated the legal effect of the
release to the extent Texas law does apply: Aunder applicable Texas law,
the parties= contract bars subsequent claims related to [de Leon=s] employment, including all claims
asserted in the Mexican [lawsuit]@ (emphasis added).  Because de Leon=s second issue does not demonstrate
that the trial court made a choice of law determination, it is overruled.

Attorney=s Fees

De Leon=s third issue challenges the trial court=s award of attorney=s fees because: (1) Tesco was not
entitled to a declaratory judgment (addressed in the first section, above); 
(2) even if a declaratory judgment was proper,[3] 
the evidence was insufficient to support the award because it did not address
all of the required factors enumerated in Arthur Andersen;[4]
and (3) the evidence did not contain detailed billing records containing time
expended and billing rates for all of the work performed.








An award of attorney=s fees under the Declaratory Judgment
Act is reviewed for abuse of discretion.  Bocquet v. Herring, 972 S.W.2d
19, 21 (Tex. 1998).  A trial court does not abuse its discretion if some
evidence reasonably supports its decision.  Butnaru v. Ford Motor Co.,
84 S.W.3d 198, 211 (Tex. 2002).

Contrary to de Leon=s brief, Arthur Andersen does
not require an award of attorney=s fees to be supported by evidence of
every factor enumerated, but states only that the factors relevant to
determining the reasonableness of a fee include those enumerated.[5] 
Tesco sought, and was awarded, attorney=s fees of $25,000 for prosecution of
its claim for declaratory relief, $15,000 for an appeal to the court of
appeals, $7,500 if a petition for review is filed with the Texas Supreme Court,
and an additional $5,000 if the petition for review is granted.  At the hearing
on fees, de Leon stipulated that Tesco=s lead attorney, Geoffrey Bracken, was
qualified to provide expert testimony concerning the fees.  Bracken testified
about the work performed, the hourly rates of the attorneys and support staff
principally involved in the work, the novelty of the issues, the rapid pace at
which the case developed, and the result obtained.  He opined that the fees
were reasonable, and the order awarding attorney=s fees recites that the trial court
also considered the pleadings on file, which were a further indication of the
amount and character of work involved.  Because this evidence reasonably
supports the award of attorney=s fees, de Leon=s third issue is overruled, and the
judgment of the trial court is affirmed.

 

 

/s/        Richard H. Edelman

Justice

 

Judgment rendered and Memorandum
Opinion filed November 16, 2006.

Panel consists of Justices Fowler,
Edelman, and Guzman.









[1]           See Tex. R. Civ. P. 47, 48; Regency Advantage, Ltd. v. Bingo
Idea - Watauga, Inc., 936 S.W.2d 275, 278 (Tex. 1996).





[2]           The declaratory judgment states that Aunder applicable Texas law, the parties= contract bars subsequent claims related to [de Leon=s] employment, including all claims asserted in the
Mexican [lawsuit]. . . .@





[3]           Attorney=s
fees are recoverable under the Declaratory Judgment Act.  See Tex. Civ. Prac. & Rem. Code Ann. ' 37.009 (Vernon 2001).





[4]           Factors that a factfinder should consider
when determining the reasonableness of a fee include:  (1) the time and labor
required, the novelty and difficulty of the questions involved, and the skill
required to perform the legal service properly; (2) the likelihood that the
acceptance of the particular employment will preclude other employment by the
lawyer; (3) the fee customarily charged in the locality for similar legal
services; (4) the amount involved and the results obtained; (5) the time
limitations imposed by the client or by the circumstances; (6) the nature and
length of the professional relationship with the client; (7) the experience,
reputation, and ability of the lawyer or lawyers performing the services; and
(8) whether the fee is fixed or contingent on results obtained or uncertainty
of collection before the legal services have been rendered.  Arthur Andersen
& Co. v. Perry Equip. Corp., 945 S.W.2d 812, 818 (Tex. 1997).





[5]           Id.; see Acad. Corp. v. Interior
Buildout & Turnkey Constr., Inc., 21 S.W.3d 732, 742 (Tex. App.CHouston [14th Dist.] 2000, no pet.).