Affirmed in Part, Reversed and Remanded in Part, and Memorandum Opinion
filed September 9, 2010. 

 

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-09-00637-CV

___________________

 

Rapid Settlements, Ltd.,
Appellant

 

V.

 

Settlement Funding, LLC d/b/a Peachtree
Settlement Funding, Appellee



 



 

On
Appeal from the 113th Judicial District Court

Harris County,
Texas



Trial Court Cause No. 2006-23366A

 



 

 

MEMORANDUM OPINION

            Rapid Settlements, Ltd. appeals the trial court’s
order granting summary judgment in favor of appellee Settlement Funding, LLC
d/b/a Peachtree Settlement Funding (hereinafter “Peachtree”) and awarding
Peachtree attorney’s fees and costs in the amount of $171,863.91.  We affirm in
part and reverse and remand in part.

I.         FACTUAL
AND PROCEDURAL BACKGROUND

            Rapid
Settlements is a factoring company that purchases future income streams from
individuals who are entitled to receive future payments, typically as
compensation for the settlement of a personal injury claim.  Rapid Settlements
offers to buy the individual’s future income stream in exchange for an
immediate lump sum payment.  Because of the risks for abuse inherent in such
arrangements, most states, including Texas, have enacted statutes that require
court approval of proposed transfers of settlement funds.  See Tex. Civ.
Prac. & Rem. Code Ann. §§ 141.001-.007 (Vernon 2005 & Supp. 2009)
(detailing the “Structured Settlement Protection Act”).  

In this case, Rapid
Settlements offered to purchase a future income stream to which William Maxwell
was entitled.  Rapid Settlements offered an immediate lump sum of $32,000 for the
transfer of a portion of Maxwell’s monthly payments to Rapid Settlements.  Maxwell
agreed, and the parties executed a transfer agreement.  Because Maxwell resided
in Pennsylvania, Rapid Settlements filed its application for approval of the
transfer in a Pennsylvania court as required by Pennsylvania law.  See
40 Pa. Cons. Stat. §§ 4001-4009 (Supp. 2010).  The Pennsylvania court denied the
transfer on jurisdictional grounds because Maxwell had moved to South Carolina. 
Rapid Settlements then sought approval of its agreement with Maxwell through
arbitration in Houston.  An arbitrator entered an arbitration award in Rapid
Settlements’s favor on October 6, 2005, finding that (1) the transfer agreement
between Maxwell and Rapid Settlements was valid; and (2) Maxwell had breached
the agreement.  Maxwell did not appear at the arbitration.  

Meanwhile, Maxwell entered into a second agreement
with another company, Settlement Funding, LLC d/b/a Peachtree Settlement
Funding, for a lump sum payment in exchange for two income streams from his
structured settlement.  On April 18, 2006, a South Carolina court approved the first
of two transfers between Maxwell and Peachtree.  On December 8, 2006, the South
Carolina court approved the second transfer between Maxwell and Peachtree.    

Rapid Settlements filed a petition for confirmation
of its arbitration award against Maxwell in the County Civil Court at Law No. 1
in Harris County on October 31, 2005, and Peachtree intervened.  In its amended
plea in intervention, Peachtree requested declaratory relief, vacation of Rapid
Settlements’s arbitration award, and costs and attorney’s fees.  Rapid
Settlements filed a counterclaim against Peachtree for tortious interference
with existing business relationships.  Maxwell filed a special appearance.  Peachtree
filed counterclaims against Rapid Settlements for declaratory relief and tortious
interference with contract.  Peachtree then filed a plea to the jurisdiction,
claiming the amount in controversy exceeded the county court’s jurisdictional
limit; Rapid Settlements subsequently non-suited its claims against Peachtree. 
  

Peachtree’s plea to the jurisdiction was granted and
the case was transferred to a Harris County district court by agreement of the
parties.  In the district court, Rapid Settlements filed an amended
counterclaim against Peachtree seeking (1) damages for tortious interference
with business relationships; and (2) attorney’s fees and costs for defending
against Peachtree’s request for declaratory relief.  The case was consolidated
with two other lawsuits involving other individuals in the 113th Judicial
District Court; these lawsuits also dealt with the purchase of structured
settlement payments.  After the consolidation, Rapid Settlements filed a motion
to confirm the arbitration award as to Maxwell.  The trial court granted
Maxwell’s special appearance and dismissed the case against him for lack of
personal jurisdiction.  

After the dismissal, Peachtree’s claim to vacate the
arbitration award, request for declaratory relief and attorney’s fees and costs,
and counterclaim for tortious interference with contract remained pending; Rapid
Settlements’s counterclaim against Peachtree for tortious interference with
business relationships and its request for attorney’s fees and costs also
remained pending.  Peachtree filed a motion for summary judgment on January 30,
2009 on its affirmative claim in intervention to vacate the arbitration award
and on Rapid Settlements’s counterclaim for tortious interference.  In
addition, Peachtree asked the trial court to (1) declare that Peachtree had the
sole contractual right, title and interest in and to Maxwell’s assigned structured
settlement payments; and (2) award attorney’s fees and costs under Texas Civil
Practice and Remedies Code section 37.009.  Rapid Settlements responded on February
16, 2009.  On May 12, 2009, the trial court granted Peachtree’s motion for summary
judgment, declared that Peachtree had the sole contractual right to receive a
portion of Maxwell’s structured settlement payments, and ordered Rapid
Settlements to pay Peachtree $171,863.91 “for the reimbursement of Peachtree’s
necessary and reasonable costs and attorney’s fees.”    

On June 3, 2009, Peachtree filed a motion to sever
the claims relating to Maxwell from the other two lawsuits, which was granted in
an order signed on June 9, 2009.  Nothing in the record indicates when or how
Peachtree’s tortious interference counterclaim against Rapid Settlements or
Rapid Settlements’s request for attorney’s fees and costs were resolved.  On November
18, 2009, the trial court signed a “Final Judgment” stating that Peachtree had
the sole contractual right to receive a portion of Maxwell’s structured
settlement payments; Rapid Settlements owed Peachtree $171,863.91 for costs and
attorney’s fees; and Peachtree could recover reasonable and necessary appellate
attorney’s fees.  The trial court also awarded postjudgment interest and court
costs against Rapid Settlements.  The “Final Judgment” states that it disposes
of all parties and all claims and is final.  See Lehmann v. Har-Con
Corp., 39 S.W.3d 191, 206 (Tex. 2001).

Rapid Settlements filed its notice of appeal on June
30, 2009, after the trial court severed the claims relating to Maxwell from the
other two lawsuits.  Rapid Settlements filed an amended notice of appeal on
November 23, 2009 to appeal from the “Final Judgment.”[1]    

II.        ANALYSIS

In one issue, Rapid Settlements contends the trial
court erred in awarding Peachtree its attorney’s fees and costs in the amount
of $171,863.91 because (1) Peachtree improperly used a declaratory judgment
action to obtain attorney’s fees; (2) the fees are not reasonable and
necessary; (3) the fees are not just and equitable; and (4) Peachtree failed to
segregate the attorney’s fees.[2] 


Rapid Settlements
contends that Peachtree’s request for declaratory judgment is more properly
characterized as an action to vacate the arbitration award between Rapid
Settlements and Maxwell.  Specifically, Rapid Settlements argues that Peachtree
has “artfully plead” a declaratory judgment action to obtain attorney’s fees
that would otherwise not be available.    

Under the Uniform Declaratory
Judgments Act (UDJA), “[a] court of record within its jurisdiction has power to
declare rights, status, and other legal relations whether or not further relief
is or could be claimed.”  Tex. Civ. Prac. & Rem. Code Ann. § 37.003(a)
(Vernon 2008).  The UDJA’s purpose is “to settle and to afford relief from
uncertainty and insecurity with respect to rights, status, and other legal
relations; and it is to be liberally construed and administered.”  Id. §
37.002(b).

A person interested under a deed, will, written contract,
or other writings constituting a contract or whose rights, status, or other
legal relations are affected by a statute, municipal ordinance, contract, or
franchise may have determined any question of construction or validity arising
under the instrument, statute, ordinance, contract, or franchise and obtain a
declaration of rights, status, or other legal relations thereunder.

Id.
§ 37.004(a).  “In any proceeding under this chapter, the court may award costs
and reasonable and necessary attorney’s fees as are equitable and just.”  Id.
§ 37.009.  

A party cannot use the
UDJA to settle disputes already pending before the court.  BHP Petroleum Co.
v. Millard, 800 S.W.2d 838, 841 (Tex. 1990) (orig. proceeding).  Nor can a
party use the UDJA to obtain otherwise impermissible attorney’s fees.  MBM
Fin. Corp. v. Woodlands Operating Co., 292 S.W.3d 660, 669 (Tex. 2009).  It
is an abuse of discretion to award attorney’s fees under the UDJA when the
statute is relied upon solely as a vehicle to recover attorney’s fees.  City
of Houston v. Texan Land and Cattle Co., 138 S.W.3d 382, 392 (Tex.
App.—Houston [14th Dist.] 2004, no pet.).  

In its first amended
plea in intervention, Peachtree requested a declaratory judgment establishing
the respective rights of Peachtree and Rapid Settlements in relation to
Maxwell’s structured settlement payments.  Specifically, Peachtree asked the
trial court to declare that (1) Rapid Settlements had not complied with South
Carolina law; (2) any transfer of structured settlement payment rights to Rapid
Settlements would contravene orders approving a transfer of the payments to
Peachtree; (3) a direct or indirect transfer by Rapid Settlements of Maxwell’s
structured settlement payment rights was not effective; (4) Peachtree held
valid legal and equitable ownership rights to the payments, and those rights were
not affected by the arbitration award; and (5) the settlement obligor and
annuity issuer were not required to make payments to Rapid Settlements.  In its
request to vacate the arbitration award, Peachtree asserted that (1) the
arbitration award was obtained by corruption, fraud, or other undue means; (2)
through the award, Rapid Settlements attempted to invalidate the rights of
Maxwell and Peachtree; (3) there was partiality on the part of the arbitrator;
(4) the arbitrator exceeded his powers; and (5) the arbitrator did not conduct
a proper hearing.  Peachtree filed a motion for summary judgment on its plea in
intervention in which it (1) argued that the arbitration award in favor of
Rapid Settlements and against Maxwell should be vacated because there was no
valid contract between Rapid Settlements and Maxwell; and (2) requested a
declaration that Peachtree had sole title to Maxwell’s structured settlement
payments because Peachtree obtained court approval.   

Rapid Settlements’s
position on appeal is not entirely clear.  To the extent Rapid Settlements
argues that Peachtree’s request for declaratory judgment sought to settle a
dispute already before the court, this argument is without merit.  According to
the record, the issue of whether Peachtree had legal and equitable ownership of
Maxwell’s structured settlement payments was not before the court until
Peachtree intervened.  

Insofar as Rapid
Settlements contends that Peachtree’s request for declaratory judgment is
duplicative of Peachtree’s request to vacate Rapid Settlements’s arbitration
award, this argument also is without merit.  The request to vacate the
arbitration award would not have established that Peachtree had legal and
equitable ownership of the structured settlement payments Rapid Settlements was
seeking; it would have established at most that the arbitration award was
invalid.  Therefore, Peachtree’s request for declaratory judgment was not
duplicative of Peachtree’s request to vacate the arbitration award.  Because
Peachtree’s request for declaratory judgment was permissible, the trial court
did not abuse its discretion in awarding attorney’s fees.  We overrule this
portion of Rapid Settlements’s issue on appeal.  We next consider the amount of
attorney’s fees awarded by the trial court.  

Rapid Settlements
contends Peachtree was required to segregate its attorney’s fees between those
incurred representing Maxwell and those incurred representing Peachtree.  Rapid
Settlements also asserts that Peachtree was required to segregate its
attorney’s fees among Peachtree’s claim for declaratory judgment, its request
to vacate the arbitration award, and Rapid Settlements’s counterclaim for
tortious interference.  In Rapid Settlements’s summary judgment response, Rapid
Settlements argued that Peachtree’s counsel failed to delineate between
attorney’s fees incurred representing Maxwell and those incurred representing
Peachtree.[3] 


When a lawsuit involves multiple claims or parties,
the proponent of attorney’s fees must segregate recoverable fees from those
incurred by parties or on claims for which fees are not recoverable.  Clearview
Props., L.P. v. Prop. Tex. SC One Corp., 287 S.W.3d 132, 143 (Tex.
App.—Houston [14th Dist.] 2009, pet. denied).  Attorney’s fees that relate
solely to a claim for which fees are unrecoverable must be segregated.  Tony
Gullo Motors I, L.P. v. Chapa, 212 S.W.3d 299, 313 (Tex. 2006).  The party
seeking to recover attorney’s fees bears the burden of demonstrating
segregation is not required.  CA Partners v. Spears, 274 S.W.3d 51, 82
(Tex. App.—Houston [14th Dist.] 2008, pet. denied).

Peachtree’s counsel also represented Maxwell.  Peachtree
claims that it was not required to segregate attorney’s fees incurred
representing Maxwell from attorney’s fees incurred representing Peachtree because
“[a]ll of these purportedly separate claims and parties depend upon a common
nucleus of facts and the same legal arguments” and are “inextricably
intertwined.”  However, as the Texas Supreme Court explained in Chapa, intertwined facts alone do not relieve an attorney’s fees
proponent of the obligation to segregate fees.  Chapa, 212 S.W.3d at
313.  It is only when discrete legal services advance both a claim for which
fees are recoverable and a claim for which fees are unrecoverable that fees
need not be segregated.  Id. at 313-14.  

Maxwell and Peachtree sought the same end result—vacation
of the arbitration award in favor of Rapid Settlements and against Maxwell, and
a determination that Peachtree had the sole contractual right to Maxwell’s
structured settlement payments.  It does not follow, however, that the legal
services for both parties were identical.  Some entries on the redacted billing
statements submitted by Peachtree in support of its attorney’s fees claim refer
only to work done on behalf of Maxwell.  For example, the entry on April 19,
2007 states:  “[O]utline issues to address prior to trial, including
representation of Maxwell and his options in suit and potential federal
action.”  Other entries refer to Maxwell’s special appearance.  For example,
the May 7, 2007 entry states, in part:  “Follow up with counsel regarding
special appearance and impact on the motion for default set for Wednesday.”  According
to the record, Rapid Settlements filed a motion for default judgment only
against Maxwell and Peachtree’s counsel filed a special appearance only on
behalf of Maxwell.

Peachtree did not meet its burden under Chapa to
establish that it was not required to segregate attorney’s fees between those
incurred representing Maxwell and those incurred representing Peachtree. 
Peachtree, however, did not forfeit its right to recover attorney’s fees by
failing to segregate them.  See 7979 Airport Garage, L.L.C. v. Dollar Rent A
Car Sys., Inc., 245 S.W.3d 488, 510 (Tex. App.—Houston [14th Dist.] 2007,
pet. denied).  The evidence presented regarding the total amount of attorney’s
fees it incurred is some evidence of what the segregated amount should be.  Id. 
Therefore, we sustain Rapid Settlements’s issue with regard to segregating
attorney’s fees between fees incurred representing Maxwell and fees incurred
representing Peachtree; reverse that portion of the judgment awarding $171,863.91
in attorney’s fees and costs; sever that portion of the judgment, and remand
this issue for further proceedings.  Id.; see also CA Partners,
274 S.W.3d at 86.  As a result of our disposition of this issue, we do not
determine whether the total attorney’s fees award is reasonable and necessary
and equitable and just.  7979 Airport Garage, L.L.C., 245 S.W.3d at 510. 
 

III.      Conclusion

            We reverse the portion
of the trial court’s judgment awarding Peachtree $171,863.91 in attorney’s fees
and costs, sever that portion of the judgment, and remand for further
proceedings consistent with this opinion.  We affirm the remainder of the trial
court’s judgment. 

                                                                                    

/s/        William
J. Boyce

                                                                                    Justice

 

 

 

Panel consists of Chief
Justice Hedges and Justices Yates and Boyce.

 









[1] Rapid Settlements timely
appealed regardless of when Peachtree’s tortious interference counterclaim or
Rapid Settlements’s request for attorney’s fees and costs was resolved.  The
May 12, 2009 summary judgment order could not have been final and appealable
before the severance order was signed on June 9, 2009.  Rapid Settlements filed
its first notice of appeal on June 30, 2009—within 30 days of the date on which
the severance order was signed.  See Tex. R. App. P. 26.1.  If these
claims were resolved after the severance but before the November 18, 2009
“Final Judgment” was signed, then the June 30, 2009 notice of appeal was
prematurely filed and is deemed to be filed on the day of the event that begins
the period for perfecting the appeal.  See Tex. R. App. P. 27.1(a).  If
these claims were not resolved until the “Final Judgment” containing Lehmann
language was signed on November 18, 2009, then the second notice of appeal
filed on November 23, 2009 is timely.  See Tex. R. App. P. 26.1.





[2]
Rapid Settlements does not challenge on appeal
the trial court’s judgment in favor of Peachtree on (1) Peachtree’s request to
vacate the arbitration award; and (2) Rapid Settlements’s tortious interference
counterclaim.  Accordingly, we do not address these claims on appeal.  See
Tex. R. App. P. 38.1.  We affirm the trial court’s judgment in favor of
Peachtree on (1) Peachtree’s request to vacate the arbitration award, and (2) Rapid
Settlements’s tortious interference counterclaim.

 





[3] Because Rapid Settlements did not argue that Peachtree
failed to segregate its attorney’s fees between Peachtree’s claims and Rapid
Settlements’s counterclaim, we do not consider this argument on appeal.  See
Green Int’l, Inc. v. Solis, 951 S.W.2d 384, 389 (Tex. 1997) (if no one
objects to fact that attorney’s fees are not segregated as to specific claims,
then objection is waived); Haden v. David J. Sacks, P.C., __ S.W.3d __, __, No.
01-01-00200-CV, 2009 WL 1270372, at *9 (Tex. App.—Houston [1st Dist.] May 7, 2009,
pet. denied) (applying rule in summary judgment context); see also Tex.
R. Civ. P. 166a(c) (“Issues not expressly presented to the trial court by
written motion, answer or other response shall not be considered on appeal as
grounds for reversal.”).