**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-16-00264-CV**

_____

**DAVID EARL STANLEY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Court at Law**
**Polk County, Texas**
**Trial Cause No. CV03351**

**MEMORANDUM OPINION**

Pro se Appellant David Earl Stanley appeals the trial court's judgment of restitution lien foreclosure. Most of Stanley's arguments pertain to his underlying criminal case and a separate civil action in cause number CIV27223 that, according to Appellant, was non-suited. With respect to his complaints regarding the underlying criminal case, Stanley waived those complaints by failing to raise them on appeal of the criminal case. *See* Tex. R. App. P. 33.1. As to his complaints

1

regarding the State's nonsuit in the civil action the State filed against him, we conclude that his complaint is without merit because the State, as the plaintiff in the civil action, had an absolute right to take a nonsuit because Stanley did not make a counter-claim for affirmative relief. *See* Tex. R. Civ. P. 162; *BHP Petroleum Co., Inc. v. Millard*, 800 S.W.2d 838, 840-41 (Tex. 1990). However, as to Stanley's complaint regarding the procedural irregularity of the foreclosure action, we find that the trial court erred.

On March 7, 2016, the State filed an Affidavit to Perfect a Restitution Lien (the affidavit) against property in which Stanley had an ownership interest. The affidavit stated that Stanley was then incarcerated and the subject property is $4,300 that had been "seized by the Polk County Sheriff's Department on April 4, 2012 and is currently the subject of a forfeiture action in Cause number CIV27223 filed in the 258th Judicial District Court of Polk County[,] Texas." According to the affidavit, the criminal case giving rise to the lien is *State v. David Earl Stanley*, cause number 19197, filed in the 411th Judicial District Court of Polk County, Texas, and the judgment of conviction in that criminal case ordered Stanley to pay American Modern Home Insurance Company restitution of $47,635.42.

The State filed the affidavit with the Polk County Clerk and requested that the clerk issue citation to Stanley. The county clerk issued citation with an attached

copy of the affidavit, and the citation was forwarded to Stanley at the address of his incarceration. The citation informed Stanley that he had "been sued." Stanley filed an Answer in which he included a general denial and wherein he argued that the State seized his property "without probable cause during a warrantless arrest and search on April 4, 2012." Stanley also filed a motion for bench warrant to attend all proceedings in the case. In a letter dated June 29, 2016, Stanley advised the clerk that he had received a copy of the docket sheet for CV03351 and he alleged he never received copies of: the "Judgment of Restitution Lien Foreclosure/PNR" filed on May 26, 2016; a letter from the District Attorney's Office regarding a hearing date of April 27, 2016, and filed on March 29, 2016; and a "Civil Case Information Sheet/PNR" filed on March 30, 2016. Stanley asserted that "it appears action has been taken without my being notified or given an opportunity to respond." The court reporter of record for CV03351 notified this Court that she could "find no court date where [she] stenographically took a record in this case[,]" and no reporter's record was filed in this appeal.

On appeal, Stanley argues that (1) the State illegally forfeited the $4,300 because it was illegally seized upon his arrest and in violation of his right to due process and constitutional rights; (2) the restitution lien was initiated illegally and in violation of his rights because it was initiated "47 months after initiating a

3

malicious action in Cause No. CIV27223[]" which was non-suited; (3) the restitution lien foreclosure was "illegally implemented" upon him "without a prerequisite Order from a Court Ordering Appellant to pay restitution in Cause No. CV03351[;]" (4) he was not afforded fair and impartial treatment; (5) the trial court judge abused his discretion when he refused to recuse himself on Stanley's motion; and (6) Stanley's property was illegally seized "from the onset where no warrants were first obtained to arrest or search Appellant's home[.]" Stanley also contends that he was denied due process because he was not given proper notice of the hearing, he was not bench warranted as requested and the trial court held a hearing and the trial court "refused . . . his attempt to be heard."

Article 42.22 of the Texas Code of Criminal Procedure, titled "Restitution Liens[,]" provides, in relevant part, the following:

### Perfection

Sec. 3.

   (a) Except as provided by this section, a restitution lien attaches and is perfected when an affidavit to perfect the lien is filed in accordance with this article.

. . . .

### Persons Who May File

Sec. 5. The following persons may file an affidavit to perfect a restitution lien:

4

(1) the attorney representing the state in a criminal case in which a victim is determined by the court to be entitled to restitution or in which a defendant is ordered to pay fines or costs[.]

. . . .

Foreclosure

Sec. 11. If a defendant fails to timely make a payment required by the order of the court entering the judgment creating the restitution lien, the person having an interest in the lien may file suit in a court of competent jurisdiction to foreclose the lien. If the defendant cures the default on or before the 20th day after the date the suit is filed and pays the person who files the suit costs of court and reasonable attorney's fees, the court may dismiss the suit without prejudice to the person. The person may refile the suit against the defendant if the defendant subsequently defaults.

Tex. Code Crim. Proc. Ann. art. 42.22, §§ 3, 5, 11 (West Supp. 2017).[1]

Assuming without deciding that the filing of the affidavit in this matter constituted a suit to foreclose the lien under section 11 of Article 42.22,[2] the trial court erred in summarily granting judgment in favor of the State without notice to Stanley and without allowing Stanley an opportunity to present argument and evidence. *See Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 86 (1988) (A judgment entered without proper notice is "plainly infirm[]" by reason of the due process clause of the Fourteenth Amendment.); *Mathews v. Eldridge*, 424 U.S.

---

[1] We cite to the current version of the statute because the amendments do not affect the outcome of this appeal.

[2] Neither the State nor Stanley argued to the trial court or on appeal that a suit to foreclose the lien was not filed in this case.

5

319, 333, 348 (1976) (Due process at a minimum requires notice and an opportunity to be heard at a meaningful time and in a meaningful manner.). Accordingly, we sustain Stanley's argument that he was denied procedural due process in this cause number. We reverse the Judgment of Restitution Lien Foreclosure and remand the cause to the trial court for further proceedings consistent with this opinion.

REVERSED AND REMANDED.

_____
LEANNE JOHNSON
Justice

Submitted on December 27, 2017
Opinion Delivered January 11, 2018

Before Kreger, Horton, and Johnson, JJ.