2025 Tex. Bus. 17



**THE BUSINESS COURT OF TEXAS**
**ELEVENTH DIVISION**

| | | |
|---|---|---|
| CreateAI Holdings, Inc., f/k/a TuSimple Holdings, Inc., | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Cause No. 24-BC11A-0007 |
| Bot Auto TX Inc., | § § | |
| *Defendant.* | § § | |

## MEMORANDUM OPINION

### I. INTRODUCTION

¶1    Before the Court is Plaintiff CreateAI Holdings, Inc.'s ("Plaintiff") Rule 91a Motion to Dismiss Defendant Bot Auto TX Inc.'s ("Defendant") Counterclaims ("Motion"). The Court issues this opinion in accordance with Texas Rule of Civil Procedure 360(a)(1), which requires a business court judge to issue a written opinion "in connection with a dispositive ruling, on the request of a party[.]" TEX. R. CIV. P. 360(a)(1). The Court issued its Order on March 17, 2025, granting the Motion in part, and denying in part.[1] Plaintiff requested a written opinion on April 14, 2025.

---

[1] The Court issued the Order following consideration of the Motion; Defendant's Response to Rule 91a Motion to Dismiss Counterclaims and Request for Rule 91a.7 Costs and Attorneys' Fees; Plaintiff's Reply in Support of Rule 91a Motion to Dismiss; Defendant's Counterclaims for Bad Faith Assertion of Misappropriation under TUTSA, Violation of Rule 13, Business Disparagement, Tortious Interference with Prospective Business

## II. Procedural Background and Legal Standard

¶2    Plaintiff filed its Original Petition and Application for Temporary Restraining Order and Application for Temporary and Permanent Injunctions ("Petition") on October 1, 2024. In its Petition, Plaintiff alleges that Defendant has willfully and maliciously misappropriated technologies constituting protectable trade secrets under the Texas Uniform Trade Secrets Act.[2] On this basis, Plaintiff sought temporary and permanent injunctive relief preventing Defendant from "deploying or utilizing in any way, or from transferring, disseminating or dissipating" these technologies.[3]

¶3    On December 28, 2024, the Court denied Plaintiff's application for temporary injunction.[4] Two days later, Defendant filed six counterclaims, including two counts seeking declaratory relief, which were split into multiple counterparts.[5] Of relevance, counts 6.g and 6.h stated as follows:

> Pursuant to Texas Civil Practice and Remedies Code §§ 37.001–37.011, [Defendant] seeks a declaration that: ... g. [Plaintiff] has not and cannot establish imminent and irreparable injury; and h. [Plaintiff] has not and cannot establish there is no adequate remedy at law.[6]

---

Relations, and Declaratory Judgment; the arguments of counsel; and the current status of the law. *See* Order (signed March 17, 2025).

[2] Petition at 24–27.

[3] *Id.* at 31–32.

[4] *See* Order (signed December 28, 2024).

[5] *See generally* Defendant's Counterclaims for Bad Faith Assertion of Misappropriation under TUTSA, Violation of Rule 13, Business Disparagement, Tortious Interference with Prospective Business Relations, and Declaratory Judgment.

[6] *Id.* at 35. "To obtain a temporary injunction, the applicant must plead and prove three specific elements: (1) a cause of action against the defendant; (2) a probable right to the relief sought; and (3) a probable, imminent, and irreparable injury in the interim. An injury is irreparable if the injured party cannot be adequately compensated in damages or if the damages cannot be measured by any certain pecuniary standard." *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002). Likewise, to obtain a permanent injunction, "a party must prove (1) a wrongful act, (2) imminent harm, (3) an irreparable injury, and (4) the absence of an adequate remedy at law." *Pike v. Tex. EMC Mgmt., LLC*, 610 S.W.3d 763, 792 (Tex. 2020).

¶4    In the Motion, Plaintiff alleged that each of Defendant's six counterclaims have no basis in law.[7] TEX. R. CIV. P. 91a.1 (Rule 91a provides for dismissal of an action "on the grounds that it has no basis in law or fact."). "A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them do not entitle the claimant to the relief sought." *Id.*

### III.  ANALYSIS AND CONCLUSION

¶5    Plaintiff's Motion challenged, *inter alia*, Defendant's counterclaim counts 6.g and 6.h as legally baseless for their alleged violation of the so-called "mirror-image" rule.[8]  In essence, the mirror-image rule precludes a defendant from asserting a counterclaim under the Uniform Declaratory Judgments Act which presents nothing more than a mere denial of the plaintiff's claim. *Solorzano v. Sage Commercial Group LLC*, 693 S.W.3d 689, 698 (Tex. App.—Houston [14th Dist.] 2024, pet. denied); *McGehee v. Endeavor Acquisitions, LLC*, 603 S.W.3d 515, 529 (Tex. App.—El Paso 2020, no pet.). "In other words, a party generally may not invoke the Act to settle disputes that are already pending before the court." *Solorzano*, 693 S.W.3d at 698 (citing *BHP Petroleum Co. Inc. v. Millard*, 800 S.W.2d 838, 841 (Tex. 1990) (orig. proceeding)).

¶6    However, "[w]hen a declaratory judgment counterclaim has greater ramifications than the original suit—such as settling future disputes—a court may allow the counterclaim." *Guniganti v. Kalvakuntla*, 346 S.W.3d 242, 251 (Tex. App.—Houston [14th Dist.] 2011, no pet.); *see Winslow v. Acker*, 781 S.W.2d 322, 328 (Tex. App.—San

---

[7] Motion *passim*.
[8] Motion at 20–21.

Antonio 1989, writ denied); *McGehee*, 603 S.W.3d at 529 (quoting *BHP Petroleum*, 800 S.W.2d at 842); *see also Solorzano*, 693 S.W.3d at 699 (alluding to the "greater ramifications" standard). "A counterclaim has greater ramifications than the original suit if it seeks affirmative relief." *Guniganti*, 346 S.W.3d at 252. "A counterclaim states a claim for affirmative relief if it alleges that the defendant has a cause of action independent of the plaintiff's claim, on which the defendant could recover benefits, compensation, or relief, even if the plaintiff were to abandon or fail to establish his cause of action." *Id.* (citing *BHP Petroleum*, 800 S.W.2d at 841).[9]

¶7     Defendant's counterclaim counts 6.g and 6.h facially request declarations from the Court that Plaintiff has not and cannot meet its burden on two elements of its pending claims for temporary and permanent injunctive relief—imminent and irreparable injury, and adequate remedy at law.[10] Said differently, counts 6.g and 6.h solely operate to deny Plaintiff's pending claim for a permanent injunction. Were Plaintiff to dismiss its suit, a judgment favorable to Defendant on counts 6.g and 6.h would not result in the recovery

---

[9] In *BHP Petroleum*, BHP sued ANR for breach of a "take-or-pay" gas purchase contract whereby BHP was to sell ANR its produced natural gas. *BHP Petroleum*, 800 S.W.2d at 839, n.3. Among ANR's defenses was a claim of force majeure, which ANR incorporated into a counterclaim for declaratory judgment regarding the interpretation of the force majeure provision for gas sales in the future. *Id.* at 842. Before discovery began in earnest, BHP nonsuited its claims against ANR. *Id.* at 840. The trial court retained ANR's counterclaim and realigned the parties with ANR as the plaintiff and BHP as the defendant. *Id.* BHP filed a request for reconsideration of its nonsuit, arguing that the entire suit should have been dismissed. *Id.* The trial court denied BHP's request. *Id.* BHP then filed a writ of mandamus, insisting that ANR's declaratory judgment counterclaim failed to plead a claim for affirmative relief. *Id.* The Supreme Court of Texas denied BHP's writ on the basis that "ANR's counterclaim sought an interpretation of the gas purchase contract which would have the effect of defining the obligations of the parties under that contract for the foreseeable future." *Id.* at 842. "Since ANR's counterclaim sought this additional relief, the counterclaim [had] greater ramifications than BHP's original suit." *Id.*

[10] *See supra* note 6 and accompanying text (footnote—listing the elements for temporary and permanent injunctive relief; accompanying text—the substance of counts 6.g and 6.h).

of any benefit.[11]  Since counts 6.g and 6.h do not state a claim for affirmative relief, they run afoul of the mirror-image rule.  On this basis, the Court signed its March 17, 2025 Order granting Plaintiff's Motion as to Defendant's counterclaim counts 6.g and 6.h.

SO ORDERED.

SIGNED: May 13, 2025

_____
Hon. Sofía Adrogué
Texas Business Court, Eleventh Division

---

[11] *See supra* note 9 and accompanying text.

5