**Martin Rodriguez SANCHEZ, Individually and d/b/a Martin Used Cars and Trucks, Appellant,**

v.

**AMERICREDIT FINANCIAL SERVICES, INC., Appellee.**

No. 05–09–00081–CV.

Court of Appeals of Texas, Dallas.

March 30, 2010.

Aubrey D. Pittman, The Pittman Law Firm, P.C., Kristin Kay Schroeder, Dallas, TX, for appellant.

Donald L. Turbyfill, Deborah C.S. Riherd, Devlin, Naylor & Turbyfill, P.L.L.C., Houston, TX, for appellee.

Before Justices O'NEILL, LANG–MIERS and FILLMORE.

## OPINION

Opinion by Justice FILLMORE.

In three issues appellant Martin Rodriguez Sanchez, individually, and doing business as Martin Used Cars and Trucks, contends the trial court erred in (1) granting appellee AmeriCredit Financial Services, Inc.'s no-evidence motion for summary judgment, (2) denying Sanchez's motion for summary judgment and recovery of attorney's fees, and (3) denying Sanchez's motion to disqualify opposing

counsel. We affirm the trial court's judgment.

## Background

AmeriCredit sued Sanchez for conversion of a truck and for declaratory judgment relating to AmeriCredit's security interest in the vehicle. Sanchez filed an answer and counterclaims against Ameri-Credit for declaratory judgment and for malicious prosecution. AmeriCredit non-suited its claims against Sanchez without prejudice. AmeriCredit filed a no-evidence motion for summary judgment as to Sanchez's claims for declaratory judgment and malicious prosecution. Sanchez filed a traditional motion for summary judgment as to his counterclaim for declaratory judgment. Sanchez filed a non-suit of his claim for malicious prosecution, leaving his counterclaim for declaratory judgment as the only remaining claim in the lawsuit. Sanchez also filed a motion to disqualify Amer-iCredit's counsel. The trial court entered a final summary judgment, and without stating the grounds, granted AmeriCredit's no-evidence motion for summary judgment and denied Sanchez's motion for summary judgment. Sanchez filed this appeal.

## Discussion

In his first issue, Sanchez argues the trial court erred in granting AmeriCredit's no-evidence motion for summary judgment. Sanchez also contends he was entitled to a declaratory judgment through his summary judgment motion and asserts in his second issue that the trial court erred in denying his motion for summary judgment.

The standards for reviewing summary judgments are well established. The party moving for summary judgment has the burden of showing no genuine issue of material fact exists and that it is entitled

to judgment as a matter of law. Tex.R. Civ. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex.1985). In deciding whether a disputed material fact issue exists precluding summary judgment, evidence favorable to the non-movant will be taken as true. *Nixon*, 690 S.W.2d at 548–49. Further, every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor. *Id.* A matter is conclusively established if ordinary minds could not differ as to the conclusion to be drawn from the evidence. *Triton Oil & Gas Corp. v. Marine Contractors & Supply, Inc.*, 644 S.W.2d 443, 446 (Tex.1982); *Ling v. BDA & K Bus. Servs., Inc.*, 261 S.W.3d 341, 345 (Tex.App.-Dallas 2008, no pet.).

In a no-evidence motion for summary judgment, the non-movant has the burden of presenting evidence that raises a genuine issue of material fact on the challenged elements. Tex.R. Civ. P. 166a(i). We review a no-evidence motion for summary judgment under the same legal sufficiency standard used to review a directed verdict. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750–51 (Tex. 2003). Our inquiry focuses on whether the non-movant produced more than a scintilla of probative evidence to raise a fact issue on the challenged elements. *Id.* at 751; *Preston Gate, LP v. Bukaty*, 248 S.W.3d 892, 895–96 (Tex.App.-Dallas 2008, no pet.).

Where, as here, both sides move for summary judgment and the trial court grants one motion and denies the other, the appellate court should review both parties' summary judgment evidence and determine all questions presented. *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex.2000). In the event of trial court error, the appellate court should render the judgment that the trial court should have rendered. *Id.*

In its petition, AmeriCredit sought a declaratory judgment to determine the nature, extent and priority of conflicting rights asserted in the motor vehicle. AmeriCredit contended it holds a perfected, first-priority purchase money security interest in the vehicle, that it is in possession of the original Texas Certificate of Title to the vehicle, and that defendants, including Sanchez[1], took possession of the vehicle without transfer of title as required by Texas law. AmeriCredit sought declarations that its security interest in the vehicle is valid and enforceable and superior to any interests asserted by the defendants, any vehicle title issued to any defendant is void, and it is entitled to immediate possession of the vehicle. AmeriCredit also asserted a cause of action for conversion of the vehicle.

In his answer, Sanchez specifically denied AmeriCredit's claims and asserted affirmative defenses. He also asserted counterclaims for malicious prosecution and for declaratory judgment. He requested declarations that AmeriCredit lacked standing to bring a claim under the Texas Property Code, the Certificate of Title Act, or the Texas Transportation Code, that Sanchez is not a party to a mechanic's lien or an application for certificate of title relating to the vehicle, and there was a failure of consideration. These requests for declarations were also included in Sanchez's answer as defenses to AmeriCredit's claims.

AmeriCredit filed a no-evidence motion for summary judgment, asserting Sanchez failed to create a genuine issue of material fact that he is entitled to a declaratory judgment.[2] *See* Tex.R. Civ. P. 166a(i).

Sanchez filed a traditional motion for summary judgment on his declaratory judgment action and a request for attorney's fees under the declaratory judgment act. AmeriCredit contends Sanchez's counterclaim is an improper use of the declaratory judgment act, and as it is contingent upon AmeriCredit's non-suited claims, it is moot. *See* Tex.R. Civ. P. 166a(c); Tex. Civ. Prac. & Rem.Code Ann. § 37.009 (Vernon 2008).

A counterclaim for declaratory judgment is improper if it is nothing more than a mere denial of the plaintiff's claims and the counterclaim fails to have greater ramifications than the original suit. *BHP Petroleum Co. v. Millard*, 800 S.W.2d 838, 842 (Tex.1990) (orig. proceeding). To have "greater ramifications" than the original suit, the counterclaim should seek some sort of affirmative relief. *HECI Exploration Co. v. Clajon Gas Co.*, 843 S.W.2d 622, 638–39 (Tex.App.-Austin 1992, writ denied); *see also* Tex.R. Civ. P. 96; *Heritage Life v. Heritage Group Holding*, 751 S.W.2d 229, 235 (Tex.App.-Dallas 1988, writ denied) (declaratory judgment act not available to settle disputes already pending before court). "To qualify as a claim for affirmative relief, a defensive pleading must allege that the defendant has a cause of action, independent of the plaintiff's claim, on which he could recover benefits, compensation or relief, even though the plaintiff may abandon his cause of action or fail to establish it." *Gen. Land Office of Tex. v. OXY U.S.A., Inc.*, 789 S.W.2d 569, 570 (Tex.1990) (quoting *Weaver v. Jock*, 717 S.W.2d 654, 657 (Tex.App.-Waco 1986, writ ref'd n.r.e.)).

---

**1.** Sanchez's co-defendants were non-suited by AmeriCredit and are not parties to this appeal.

**2.** AmeriCredit also moved for summary judgment on Sanchez's malicious prosecution claim. Sanchez non-suited his claim for malicious prosecution prior to the trial court's consideration of the motions for summary judgment.

■ Sanchez's assertion of a counter-claim in the form of a request for declaratory judgment did not relieve him of his burden to comply with the requirement to assert a claim for affirmative relief. *See BHP Petroleum,* 800 S.W.2d at 841 n. 8. The matters on which Sanchez sought a declaratory judgment were nothing more than affirmative defenses to claims on which the parties had already joined issue and had no greater ramification than the defenses that were presented when Sanchez's counterclaim for declaratory action was filed. In none of Sanchez's requested declarations did he seek affirmative relief; he sought only to avoid liability. In fact, Sanchez's requested declarations were identical to affirmative defenses set forth earlier in the same pleading. *See HECI Exploration,* 843 S.W.2d at 639. Thus, the declaratory-judgment counterclaim duplicated other parts of the pleading in every respect. The allegations pled in Sanchez's counterclaim are not averments of fact upon which affirmative relief could be granted. They are denials of AmeriCredit's cause of action. *See OXY U.S.A.,* 789 S.W.2d at 570. Sanchez could not recover any relief once AmeriCredit abandoned its causes of action. *See BHP Petroleum,* 800 S.W.2d at 842; *HECI Exploration,* 843 S.W.2d at 639. We therefore conclude that Sanchez asked for no greater relief in his declaratory-judgment counterclaim than he asked for without that counterclaim. *See HECI Exploration,* 843 S.W.2d at 639.

Sanchez contends his summary judgment declaratory judgment should have been granted because of the potential that AmeriCredit's claims might be brought in another lawsuit. However, the potential that another suit might be filed or that judicial economy would be better served by granting Sanchez's summary judgment are irrelevant and should not be considered by the trial judge when ruling on the motions for summary judgment. *See BHP Petroleum,* 800 S.W.2d at 840 n. 6.

We conclude the trial court did not err in granting summary judgment in favor of AmeriCredit. We overrule Sanchez's first issue. We further conclude the trial court did not err in denying Sanchez's motion for summary judgment. We overrule Sanchez's second issue to the extent he complains the trial court erred in denying him summary judgment.

■ In his second issue, Sanchez further contends the trial court erred in denying his motion for attorney's fees incurred in prosecuting his own claim for declaratory relief and defending against AmeriCredit's claim for declaratory relief.[3] The trial court's grant or denial of attorney's fees will not be reversed on appeal unless the complaining party can show an abuse of discretion. *Bocquet v. Herring,* 972 S.W.2d 19, 21 (Tex.1998). The abuse of discretion test is whether the trial court's ruling was arbitrary or unreasonable. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex.1985).

■ The Uniform Declaratory Judgments Act authorizes the granting of attorney's fees in declaratory judgment actions in the discretion of the trial court. Tex. Civ. Prac. & Rem.Code Ann. § 37.009 (in any proceeding under Uniform Declaratory Judgments Act, court may award reasonable and necessary attorney's fees as are equitable and just). Under the Uniform Declaratory Judgments Act, although a trial court may award attorney's fees, it is not required to do so. *Roberson v. City of Austin,* 157 S.W.3d 130, 137 (Tex.App.-Austin 2005, pet. denied). A trial court

---

**3.** The trial court did not enter an order denying Sanchez's request for attorney's fees. However, the final summary judgment provides that it is a final judgment, disposing of all claims and all parties.

may conclude that it is not equitable or just to award even reasonable and necessary fees. *Bocquet,* 972 S.W.2d at 21.

 We do not know the basis of the trial court's denial of attorney's fees to Sanchez. Significantly, it is Sanchez's burden to bring a record showing that the trial court abused its discretion. *See Simon v. York Crane & Rigging Co.,* 739 S.W.2d 793, 795 (Tex.1987). We must presume that a trial court acted within its discretion unless the record discloses the contrary. *Navistar Int'l Corp. v. Valles,* 740 S.W.2d 4, 6 (Tex.App.-El Paso 1987, no writ). Here, the record reflects neither findings of fact nor a request for such findings with regard to the trial court's ruling on attorney's fees. This Court has held that without findings of fact establishing the basis for the trial court's exercise of discretion, an appellate court cannot conclude as a matter of law that the trial court abused its discretion in declining to award attorney's fees. *Marion v. Davis,* 106 S.W.3d 860, 868 (Tex.App.-Dallas 2003, pet. denied); *see also Unified Loans, Inc. v. Pettijohn,* 955 S.W.2d 649, 654–55 (Tex.App.-Austin 1997, no pet.) (no abuse of discretion for failure to award attorney's fees in declaratory judgment case when record does not reveal basis for denial).

Sanchez has not demonstrated any abuse of discretion by the trial court in denying recovery of his attorney's fees. The Uniform Declaratory Judgments Act does not mandate an award of attorney's fees or costs, even to a prevailing party. Such determination is within the trial court's discretion. *See Comm'rs Court of Titus County v. Agan,* 940 S.W.2d 77, 81 (Tex.1997). Without knowing the basis for the trial court's denial, we cannot conclude

as a matter of law that the trial court abused its discretion in declining to award attorney's fees. *See Marion,* 106 S.W.3d at 868–69; *Pettijohn,* 955 S.W.2d at 654–55.

We overrule Sanchez's second issue to the extent he complains the trial court abused its discretion in failing to award him attorney's fees.

In his third issue Sanchez asserts the trial court erred in denying his motion to disqualify opposing counsel.[4] The relief requested by Sanchez on appeal is that in the event this matter is remanded for trial, this Court should instruct the trial court to grant Sanchez's motion to disqualify opposing counsel. In light of our disposition of Sanchez's first and second issues, we need not address Sanchez's third issue.

### Conclusion

We affirm the trial court's judgment.

---

4. Our record does not contain an order on Sanchez's motion to disqualify, although the docket sheet contains the entry that the motion to disqualify was mooted by the trial court's rulings on the parties' respective motions for summary judgment. *See Bailey–Mason v. Mason,* 122 S.W.3d 894, 897 (Tex.App.-Dallas 2004, pet. denied) (docket sheet entry is memorandum made for convenience of trial court and court clerk).