In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-18-00199-CV
_____

FOREST HILLS IMPROVEMENT ASSOCIATION, INC., Appellant

V.

RICHARD FLAIM, ET UX, Appellees

On Appeal from the 1A District Court
Jasper County, Texas
Trial Cause No. 33266

MEMORANDUM OPINION

Forest Hills Improvement Association, Inc. (the Association) filed a declaratory judgment action against Richard Flaim and his wife (the Flaims) to enforce a setback provision included in the recorded deed restrictions for the subdivision. The Association appeals the trial court's denial of its attorney's fees in this declaratory judgment action. We affirm the trial court's judgment.

**Background**

This matter is before us for a second time. *See Forest Hills Improvement Association, Inc. v. Flaim*, No. 09-15-00478-CV, 2017 WL 5179968, at *1 (Tex. App.—Beaumont Nov. 9, 2017, no pet.) (mem. op.). In 2001, the Flaims obtained permission from the Association to pour a concrete slab that extended within approximately two feet of their rear property line, on which to park a boat. *See id.* at *1. Some years later, the Association denied the Flaims' request to construct a carport over the slab. *See id.* The Flaims ultimately constructed the carport without the written or express approval of the Association. *See id* at *2. The Association filed a declaratory judgment action against the Flaims seeking to enforce a setback provision in the deed restrictions for the Flaims' property. *See id.* at *1–2. The Association also sought its attorney's fees pursuant to section 37.009 of the Texas Civil Practices and Remedies Code. *See id.* at *5; *see also* Tex. Civ. Prac. & Rem. Code Ann. § 37.009 (West 2015).

In the initial appeal, the Association challenged the legal and factual sufficiency of the evidence to support the trial court's findings of fact and conclusions of law underlying the theory that it waived its right to enforce the deed restrictions against the Flaims. *See Forest Hills,* 2017 WL 5179968, at *2. We reversed and remanded with instructions that the trial court: (1) render an appropriate

2

declaratory judgment consistent with our opinion that the Flaims' carport, as constructed, violated the setback provisions of the deed restrictions; (2) grant any relief, injunctive or otherwise, appropriate to the ordered declaration; and (3) consider the Association's claim for attorney's fees. *See id.* at *5.

The Association's president testified in the hearing on remand about the attorney fees the Association paid for counsel. The trial court admitted the bills for the Association's legal fees into evidence. The Association's counsel testified the firm's fees were reasonable and necessary, and the Flaims stipulated that the Association's attorney fees were reasonable. The Flaims presented no evidence at the hearing. However, the homeowners argued that requiring them to pay the Association's attorney's fees would be very burdensome because they are elderly, on a fixed income and suffer from various medical problems. Notably, the testimony reports that Mr. Flaim suffers from early onset of dementia.

In its final declaratory judgment, the trial court denied the Association's claim for attorney's fees, determining that "each party shall bear their respective attorney['s] fees[,]" but ordered the Flaims to pay all court costs. Subsequently, the trial court issued separate findings of fact and conclusions of law. The trial court's findings of fact state that the Association filed a declaratory judgment action pursuant to section 37.001 of the Texas Civil Practices and Remedies Code, and the

3

Association's recovery of attorney's fees is not mandatory. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 37.001, 37.009 (West 2015). The trial court's conclusions of law stated that attorney's fees "on a Petition for Declaratory Judgment are discretionary[,]" and the parties "should bear their respective attorney's fees." The Association complains on appeal that there is no evidence, or alternatively, that the great weight and preponderance of the evidence does not support the "finding" that each party shall bear its respective attorney's fees, and the "finding is an abuse of discretion[.]"[1]

## Analysis

We review an award or denial of attorney's fees under the Declaratory Judgments Act for an abuse of discretion. *See Preston State Bank v. Willis*, 443 S.W.3d 428, 434 (Tex. App.—Dallas 2014, pet. denied) (citation omitted). The trial court has broad discretion in determining whether to award fees in a declaratory judgment action, and we will not reverse a trial court's decision absent a clear showing of an abuse of discretion. *See Oake v. Collin Cty.*, 692 S.W.2d 454, 455 (Tex. 1985) (citations omitted).

---

[1] Despite the Association's characterization of this as a "finding," it is listed as a "conclusion of law."

In a declaratory judgment action, "the court may award costs and reasonable and necessary attorney's fees as are equitable and just." Tex. Civ. Prac. & Rem. Code Ann. § 37.009; *see also Bocquet v. Herring*, 972 S.W.2d 19, 20 (Tex. 1998). The Declaratory Judgments Act employs the word "may" in the statute, which "affords the trial court a measure of discretion in deciding whether to award attorney fees or not." *Bocquet*, 972 S.W.2d at 20 (citations omitted). Attorney's fee awards in declaratory judgment actions are entrusted to the trial court's discretion, "subject to the requirements that any fees awarded be reasonable and necessary, which are matters of fact, and to the additional requirements that fees be equitable and just, which are matters of law." *Id.* at 21. A trial court may not rule arbitrarily or without reference to guiding legal principles, and it may not rule without supporting evidence. *Id.* (citations omitted).

A court may determine that even fees shown to be reasonable and necessary should not be awarded if such an award would not be equitable and just. *Id.*; *Kings River Trail Ass'n, Inc. v. Pinehurst Trail Holdings, L.L.C.*, 447 S.W.3d 439, 451–52 (Tex. App.—Houston [14th Dist.] 2014, pet. denied) (citations omitted). Whether it is "equitable and just" to award less in attorney's fees than a jury found was reasonable and necessary is not a fact question, as such a determination is not susceptible to direct proof; instead, it is a question of "fairness in light of all the

5

circumstances." *Ridge Oil Co. v. Guinn Investments, Inc.*, 148 S.W.3d 143, 162 (Tex. 2004); *Anglo-Dutch Petroleum Int'l, Inc. v. Greenberg Peden, P.C.*, 522 S.W.3d 471, 494 (Tex. App.—Houston [14th Dist.] 2016, pet. denied); *see also In re Estate of Kuykendall*, 206 S.W.3d 766, 772 (Tex. App.—Texarkana 2006, no pet.) ("The trial court's decision whether to award attorney's fees in a declaratory judgment case depends on the court's conclusion whether it is just and equitable to do so under all the circumstances of the case, not on the quantum of proof as to the amount incurred or the reasonableness and necessity of such fees."). Even if stipulated or the evidence is uncontroverted that the attorney's fees incurred are reasonable and necessary, a court may decide it is not equitable or just to award them. *In re Estate of Kuykendall*, 206 S.W.3d at 772 (citing *Bocquet*, 972 S.W.2d at 21; *Texstar N. Am, Inc. v. Ladd Petroleum Corp.*, 809 S.W.2d 672 (Tex. App.—Corpus Christi 1991, writ denied); *Carr v. Bell Sav. & Loan Ass'n*, 786 S.W.2d 761 (Tex. App.—Texarkana 1990, writ denied)).

The Association argues that there was "no evidence" or "insufficient evidence" to support the trial court's denial of its claim for attorney's fees. While the evidence was undisputed that the attorney's fees incurred by the Association were reasonable and necessary, courts have recognized that the trial court's ultimate determination of an award of attorney's fees must be equitable and just under the

6

circumstances, and such a determination is not susceptible to direct proof. *See Ridge Oil Co.*, 148 S.W.3d at 162; *Anglo-Dutch Petroleum Int'l, Inc.*, 522 S.W.3d at 494. The trial court must make this determination after considering all the circumstances of the case. *Ridge Oil Co.*, 148 S.W.3d at 162; *Anglo-Dutch Petroleum Int'l, Inc.*, 522 S.W.3d at 494.

Here, the Association had the burden of establishing the trial court abused its discretion in denying an award of attorney's fees. *See Sanchez v. AmeriCredit Fin. Services, Inc.*, 308 S.W.3d 521, 526 (Tex. App.—Dallas 2010, no pet.) (citations omitted). The trial court heard evidence in this case that the Association granted a variance and approved the construction of a concrete slab in 2001 that technically violated the setback provisions of the deed restrictions. The slab had been in existence for over a decade before the Flaims constructed an aluminum carport over the slab. As we noted in our prior opinion,

> [t]he Flaims submitted a series of four written requests to the Association dated: (i) August 20, 2011; (ii) April 28, 2012; (iii) February 20, 2013; and (iv) May 12, 2013. The Association concedes that it did not respond in writing to the Flaims' requests until May 28, 2013, when its attorney sent the Flaims written notice that the Association denied their request, but argues that it did verbally deny each of the Flaims requests. The Flaims admit that they received verbal denials from the Association to some, but not all, of their letters, and they argue that they did not receive the May 28th letter.

7

*See Forest Hills,* 2017 WL 5179968, at \*2. Mr. Flaim is an 88-year-old veteran, who has lived in the subdivision for many years and had served on the board of directors of the Association in the past. The trial court heard the testimony and observed the demeanor of the parties to this lawsuit. The findings of fact and conclusions of law entered by the trial court on remand indicate the trial court considered that recovery of attorney's fees pursuant to section 37.001, et seq. of the Civil Practice and Remedies Code is not mandatory. The trial court's findings of fact and conclusions of law do not show the trial court acted arbitrarily, unreasonably, or without reference to any guiding principles in reaching its judgment. Rather, the record shows that the trial court considered the Association's pleadings, the evidence and circumstances and actions of the parties, the arguments of counsel, the provisions under which the Association sought relief, and the pertinent statutory provisions to award attorney's fees that are equitable and just under the circumstances of the case. Under the circumstances of this case, the trial court's denial of attorney's fees was within the zone of reasonable disagreement.

## Conclusion

We conclude the record does not show a clear abuse of discretion by the trial court when it denied the Association an award of any amount for attorney's fees in this declaratory judgment action. We affirm the trial court's judgment.

8

AFFIRMED.

_____
CHARLES KREGER
Justice

Submitted on May 14, 2019
Opinion Delivered September 19, 2019

Before McKeithen, C.J., Kreger and Horton, JJ.

9

DISSENTING OPINION

Does an award of zero in attorney's fees represent a just and equitable award when the party opposing the fees presents no evidence to show the amount requested is unfair? On this record, and in my opinion, the trial court abused its discretion by ignoring all the evidence and awarding no fees.

The record from the trial court shows that in May 2018, the trial court conducted a hearing to consider Forest Hills Improvement Association, Inc.'s claim for attorney's fees. Linda and Richard Flaim did not testify in the hearing. They called no witnesses to contest the evidence the Association presented to support its claim for attorney's fees.

The Flaims had one additional opportunity to present evidence relevant to the Association's claim. That opportunity occurred during a bench trial in October 2015. The same judge who presided over the 2015 bench trial presided over the 2018 hearing that addressed the Association's claim for fees. In the 2018 hearing, however, the Flaims' attorney never asked the trial court to take judicial notice of the Flaims' testimony in the 2015 trial. *See* Tex. R. Evid. 201 (Judicial Notice of Adjudicative Facts). Even had the trial court taken judicial notice of the testimony from the 2015 trial, the Flaims never testified in that trial that they could (or could not) afford to pay something toward the Association's claim for fees. And the record

1

from the hearing and the trial contains no testimony suggesting the Flaims are in poor health or that they cannot afford anything in fees.

In this case, the only testimony relevant to a reasonable award of fees was presented by the Association. That testimony is located in reporter's records from the 2015 trial and the 2018 hearing on remand. In the proceedings, the Flaims' attorney never cross-examined the Association's witnesses on the subject of the reasonableness and necessity of the Association's claim for attorney's fees.

In closing argument in both proceedings, the Flaims' attorney never argued the Association should recover nothing on its claim. Instead, the Flaims' attorney argued in the 2018 hearing that "[t]here's no dispute about the amount of time and [the Association's attorney's] fees being reasonable and customary." After that, the Flaims' attorney argued he did not believe it would be "equitable and just to assess the full amount of attorney's fees against the Flaims[.]" And he argued the Flaims were "on a fixed income" and "assessing this amount of attorney's fees against them would be a tremendous financial burden[.]" His argument, however, is not supported by any evidence in either the reporter's record in the 2015 trial or the hearing on remand.

The majority treats the argument of the Flaims' attorney as evidence. Since arguments of attorneys are not evidence, I disagree it can be treated as such. It is

2

well-settled that "[n]ormally, an attorney's statements must be under oath to be considered evidence." *Banda v. Garcia*, 955 S.W.2d 270, 272 (Tex. 1997); *see also United States Gov't v. Marks*, 949 S.W.2d 320, 326 (Tex. 1997). Because the Flaims' attorney was never placed under oath, his argument cannot be treated as evidence.[2]

I also disagree with the majority's claim the equities in the case favor the Flaims. As described in the Court's opinion reversing the trial court's refusal to enforce the Flaims' deed, the Flaims built the structure that violated their deed after "the Association told them verbally on multiple occasions that they could not build the carport." *Forest Hills Improvement Ass'n, Inc. v. Flaim*, No. 09-15-00478-CV, 2017 WL 5179968, at *3 (Tex. App.—Beaumont Nov. 9, 2017, no pet.) (mem. op.). Aware that building a carport on their property would violate the restrictions in their deed, the Flaims built it anyway.

In this appeal, the majority points to the Association's failure to notify the Flaims of its decision to deny the Flaims' request for a variance in writing. The Flaims, however, presented no evidence to show the Association's failure to notify them in writing led them to reasonably believe they could build the carport without

---

[2] While oaths of witnesses can be waived, the record from the trial and the hearing does not show that the Association waived anyone's oath.

first getting a variance. In my view, the equities lie with the Association, not the Flaims.

In declaratory judgment actions, trial courts have broad discretion to determine what amount represents a reasonable award for attorney's fees. *Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998) ("Unreasonable fees cannot be awarded, even if the court believed them just, but the court may conclude that it is not equitable or just to award even reasonable and necessary fees."). But here, nothing in the record shows a zero fee, which is the fee the trial court assessed, is a just and equitable result. Instead, the evidence established the Association incurred fees and was entitled to a reasonable award.

I would hold the trial court abused its discretion by failing to award fees and reverse the trial court's award. Because the majority affirms the trial court's refusal to award fees, I dissent.

_____
HOLLIS HORTON
Justice

Dissent Delivered
September 19, 2019

4