In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-21-00090-CV**
_____

**JAMES A. ULLRICH AND JOAN ULLRICH, Appellants**

**V.**

**CONRAD G. MEIJER AND LAURA B. MEIJER, Appellees**

On Appeal from the 457th District Court
Montgomery County, Texas
Trial Cause No. 19-12-16882-CV

**MEMORANDUM OPINION**

In two issues on appeal, Appellants James A. Ullrich and Joan Ullrich ("the Ullriches") complain the trial court abused its discretion by not awarding them declaratory and injunctive relief regarding the fence Appellees Conrad G. Meijer and Laura B. Meijer ("the Meijers") constructed that allegedly violated restrictive

covenants and by failing to award them attorney's fees.[1] We affirm the trial court's judgment.

BACKGROUND

The Ullriches brought suit against the Meijers for making improvements to their property in the River Plantation Section One subdivision ("River Plantation") by constructing a fence and an outbuilding that allegedly violated River Plantation's Declaration of Restrictions ("deed restrictions") and Architectural Control Guidelines ("the guidelines") approved by the Architectural Control Committee ("ACC").[2] In their live pleading, the Ullriches alleged that the Meijers constructed a fence without prior written application and approval of the ACC in violation of the deed restrictions, which states that no improvements can be made without written application and prior approval, and the guidelines, which limits fences to a height of six feet and requires the support and bracing of the fence to face the interior of the fence owner's lot. The Ullriches alleged the Meijers' outbuilding violated the deed restrictions because they constructed it without a written application and prior approval and because it is nearer than ten feet from the side building lines, and also

---

[1]The trial court granted the Ullriches relief with the respect to the Meijers' outbuilding violations, and the Ullriches are not appealing that portion of the trial court's judgment.

[2]The Ullriches also sued River Plantation Community Improvement Association and Crest Capital Management Co., but the Ullriches dismissed all claims against both defendants with prejudice.

2

violated the guidelines, which state that an outbuilding must be placed a minimum of five feet from any property line.

The Ullriches requested damages due to the Meijers' violations of the deed restrictions and guidelines in accordance with section 202.004 of the Texas Property Code, a temporary and permanent injunction, and a declaratory judgment that the parties' properties are subject to the deed restrictions and guidelines and that the Meijers' outbuilding and fence violated the deed restrictions and guidelines. The Meijers filed Defendants' Original Answer, Affirmative Defenses and Request for Disclosure, which asserted a general denial and the affirmative defenses of equitable estoppel, unclean hands, and laches.

The trial court conducted a bench trial. The trial exhibits include the deed restrictions and guidelines. The deed restrictions provide that no building or other improvements shall be erected until ACC approves the construction plans. The deed restrictions state that no building shall be located "nearer than 10 feet to any side building site line." The deed restrictions further state that the restrictions "are for the benefit of River Plantation Development Co., Inc., its successors and assigns, and equally for the benefit of any subsequent owner of a lot or lots in River Plantation," and are "enforceable at law or in equity, by any one or more of said parties."

The guidelines state that they are intended to set forth the design guidelines used by the ACC, which has exclusive jurisdiction over all modifications, additions,

and alterations made to properties, including fences and outbuildings. The guidelines also state that all property owners are subject to the deed restrictions and guidelines, and the primary goal of the ACC is to review applications and plans to determine if the proposed improvement or modification complies with ACC's standards and policies. The guidelines provide that all fences must comply with the building line requirements in the deed restrictions, and any fence intended for the purpose of privacy and/or security should be no greater than six feet in height with the maximum height of decorative columns being seven feet. The guideline also provides if wood fences are constructed so that reinforcing is visible on one side only, the side with visible reinforcing shall face the interior of the lot. Concerning outbuildings, the guidelines state that the roof of a storage shed shall be no higher than ten feet from the ground to the highest point and the shed must be placed at a minimum of five feet from any property line and must allow for drainage.

Vincent Loverdi, a surveyor hired by the Ullriches, testified he surveyed the parties' properties and made a drawing reflecting the measurements of the frame building and fence at issue. Loverdi explained that the fence has a rot board on the bottom, a cap at the top, six-foot pickets, and is clearly over six feet tall. Loverdi also explained that the survey shows the frame building's height at the peak of the roof is 10.4 feet, and the building is located less than ten feet from the Ullriches' property and less than five feet from the rear property line. Loverdi also testified that

4

the Ullriches' garage is less than ten feet from their back property line, and their house is 9.9 feet from the lateral property line.

James Ullrich testified that the deed restrictions include a setback provision that prohibits building any structure less than ten feet from the lateral property lines. James further testified that after he determined the Meijers' frame building was "closer than 10 feet to the property line[,]" he hired Loverdi's company to perform a professional survey. James explained that the deed restrictions required all buildings to be approved by the ACC. James also explained that the guidelines, which applied to both his and the Meijers' properties, provide that outbuildings must be placed at a minimum of five feet from any property line. James testified that the Meijers' building is also too tall. James further testified he filed a complaint with River Plantation Community Improvement Association ("RPCIA"), the homeowners' association, because he believed the Meijers' building violated the ten-foot setback.

James testified that every homeowner should be required to follow the deed restrictions and guidelines, and while he agreed the survey shows that his home is less than ten feet from the Meijers' property line and his garage is less than ten feet away from his back property line, he claimed his house complied with the deed restrictions when it was built. James explained that his original survey showed his house and garage were ten feet from the property line. James testified that he

5

complained that the Meijers' fence was taller than six feet and that the reinforcement side does not face the interior of their lot, but he explained that his fence also faced the wrong direction but was built prior to the guidelines' adoption. James further testified that he did not know if RPCIA had approved the Meijers' fence, which the survey indicates is 6.78 feet tall, and he did not directly speak to the Meijers about the violations. James explained that he filed suit because he wanted the Meijers' building and fence to comply with the deed restrictions and guidelines, and he asked the trial court to award him reasonable attorney's fees. The Ullriches' attorney testified that the Ullriches incurred $30,489.59 in attorney's fees.

Jaime Goodman, President of RPCIA and a member of the ACC, testified that she is responsible for determining whether homeowners are compliant with the deed restrictions, and she reviews requests to determine their compliance. Goodman testified that she received the Ullriches' complaint and inspected the Meijers' home and determined that RPCIA was not responsible for the fence issue because it was a neighbor-to-neighbor issue. Goodman testified that the Meijers had not applied for the outbuilding as required by the deed restrictions, so RPCIA asked them to apply for it, and RPCIA determined the outbuilding was "a little bit more than 5 feet[]" from the fence. Goodman explained that the guidelines were approved in 2013 and applied to all the homes that are subject to the deed restrictions, and an outbuilding must be at least five feet away from a property line. Goodman testified that based on

6

her review of the Ullriches' survey, the Meijers' outbuilding appears to be five feet from the property line. Goodman also testified that to her knowledge, the Meijers were not in violation of the deed restrictions or guidelines.

Goodman explained the guidelines provide that a fence cannot exceed six feet unless it has a kickplate or "something decorative on it[,]" and the Meijers' fence had both. Goodman further explained that she determined the Meijers' fence was compliant even though it was a "little bit higher than 6 feet because it had a kick plate." Goodman also testified that the older portion of the Ullriches' fence does not have any reinforcements facing the interior of their property. Goodman testified that both parties' fences violated the guidelines. Goodman also testified that James did not contact the Meijers about the outbuilding violation because he did not want to talk to them.

Conrad Meijer testified that he complied "with what the RPCIA was asking of me." Conrad further testified that he has no violations with RPCIA or the ACC. Conrad explained that he received ACC's approval to build his fence, which is a six-foot fence with a kickplate and a top covering. Conrad testified that he moved his storage shed when he received notice from RPCIA that it was too close to the Ullriches' fence, and it is currently over six feet from the Ullriches' property line and complies with the guidelines. Conrad agreed that his shed was less than five feet from his back property line. Conrad further testified that the shed's building frame

7

height is 10.4 inches, and he explained that the design is "8 by 12 by 10 feet[,]" but it is a couple of inches taller because he placed it on skids to allow for drainage as required by the guidelines. Conrad explained that he wished James had talked to him about his concerns in the beginning, but he also admitted he did not talk to the Ullriches about his plans beforehand. Conrad testified that he complied with RPCIA, and Goodman had no issues with his shed. Conrad also testified that the construction side of the Ullriches' fence faces his property.

In its Final Judgment, the trial court declared the restrictive covenants and guidelines are in full force and effect and ordered that the Meijers shall not allow their outbuilding/shed to be closer than five feet to the Ullriches' property lines, but the trial court denied the Ullriches' requested relief concerning the fence and attorney's fees. The Ullriches filed a Motion for Reconsideration or Request for a Partial New Trial requesting the trial court reconsider the deed restrictions regarding the fence and award of attorney's fees because they prevailed on the issue concerning the Meijers' outbuilding. The Ullriches' motion was overruled by operation of law.

ANALYSIS

In issue one, the Ullriches complain the trial court abused its discretion by not awarding them declaratory and injunctive relief regarding the Meijers' fence, which the Ullriches allege was both too tall and faced the wrong direction in violation of the guidelines. The Ullriches further argue there are no genuine issues of material

8

fact about the Meijers' fence, as several witnesses testified the fence was taller than six feet and the support rails faced the Ullriches' property. The Meijers argue the trial court did not abuse its discretion by denying the Ullriches' relief concerning the fence because they submitted ample evidence showing the deed restrictions do not contain any provisions regulating fencing, and the fence was approved by the ACC, which has exclusive jurisdiction to enforce the guidelines. The Meijers maintain that the Ullriches do not have any authority to enforce the guidelines. The Meijers also claim they established their unclean hands defense as a matter of law because the Ullriches' demand concerned a condition that the Ullriches' own fence exhibited.

We review at trial court's construction of a restrictive covenant de novo, using the same rules of construction applicable to contracts. *Tarr v. Timberwood Park Owners Ass'n, Inc.*, 556 S.W.3d 274, 279-80 (Tex. 2018). Our primary concern is to ascertain and give effect to the true intention of the parties as expressed in the instrument. *Pilarcik v. Emmons*, 966 S.W.2d 474, 478 (Tex. 1998). Injunctive relief is appropriate upon a showing of (1) the existence of a wrongful act; (2) the existence of imminent harm; (3) the existence of irreparable injury; and (4) the absence of an adequate remedy at law. *Indian Beach Prop. Owners' Ass'n v. Linden*, 222 S.W.3d 682, 690–91 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (citation omitted). Since an injunction is an equitable remedy, the trial court weighs the respective conveniences and hardships of the parties and balances the equities. *Computek*

9

*Computer & Office Supplies, Inc. v. Walton*, 156 S.W.3d 217, 220 (Tex. App.—Dallas 2005, no pet.).

We review a trial court's denial of a request for injunctive relief for an abuse of discretion, meaning we ask whether the trial court acted in an unreasonable or arbitrary manner or misapplied the law to the facts. *Linden*, 222 S.W.3d at 690–91. A trial court does not abuse its discretion when its decision is based on conflicting evidence and some evidence reasonably supports the trial court's decision. *Id.* at 691. The party seeking an injunction has the burden to show a clear equity demands the injunction. *Id.*

The evidence shows the ACC approved the Meijers' fence and Goodman determined that the fence's height complied with the guidelines. Accordingly, the Ullriches failed to show that the Meijers' construction of the fence was a wrongful act because it included a kickplate and decorative top that made it taller than six feet. *See id.* at 691–92; *Pinebrook Props., Ltd. v. Brookhaven Lake Prop. Owners Ass'n*, 77 S.W.3d 487, 505–06 (Tex. App.—Texarkana 2002, pet. denied) (holding trial court abused its discretion in entering injunction because there was no evidence of existence of wrongful act). The evidence further shows that both parties' fences violated the guidelines because the supporting sides did not face the interior of the properties. Thus, the balance of equities weighs against the imposition of an injunction concerning the fence in this case because the evidence shows that both

10

parties' fences failed to comply with the guidelines. *See Linden*, 222 S.W.3d at 691; *Park v. Escalera Ranch Owners' Ass'n, Inc.*, 457 S.W.3d 571, 597 (Tex. App.—Austin 2015, no pet.) (explaining the doctrine of unclean hands allows a trial court to deny injunctive relief when the evidence show the plaintiff engaged in the same or similar conduct as that of the defendant). (citations omitted). Accordingly, the trial court did not abuse its discretion by concluding the balance of equities did not favor awarding an injunction. *See Linden*, 222 S.W.3d at 691; *Beere v. Duran*, 985 S.W.2d 243, 246–47 (Tex. App.—Beaumont 1999, pet. denied) (citation omitted). We overrule issue one.

In issue two, the Ullriches argue the trial court abused its discretion by not awarding them reasonable and necessary attorney's fees when their trial counsel offered testimony that was clear, positive, direct, free of inaccuracies and suspicious circumstances, and uncontroverted. The Ullriches argued that section 37.009 of the Texas Civil Practice and Remedies Code specifies the trial court may award reasonable and necessary attorney's fees as are just and equitable and that their attorney established their reasonable and necessary attorney's fees as a matter of law. *See* Tex. Civ. Prac. & Rem. Code Ann. § 37.009.

We review an award or denial of attorney's fees under the Declaratory Judgments Act for an abuse of discretion. *Forest Hills Improvement Ass'n, Inc. v. Flaim*, No. 09-18-00199-CV, 2019 WL 4493325, at *2 (Tex. App.—Beaumont Sept.

11

19, 2019, no pet.) (mem. op.) Under the Declaratory Judgments Act, a trial court has broad discretion in deciding whether to award attorney's fees. *See Bocquet v. Herring*, 972 S.W.2d 19, 20 (Tex. 1998) (citing Tex. Civ. Prac. & Rem. Code Ann. § 37.009); *Anglo-Dutch Petroleum Int'l, Inc. v. Greenberg Peden, P.C.*, 522 S.W.3d 471, 494 (Tex. App.—Houston [14th Dist.] 2016, pet. denied). A court may decide that fees should not be awarded if such an award would not be equitable and just in light of all the circumstances. *See Flaim*, 2019 WL 4493325, at *2. The determination of whether an award of attorney's fees would be equitable and just is not susceptible to direct proof but instead is a matter of fairness in the light of all the circumstances. *Anglo-Dutch Petroleum Int'l, Inc.*, 522 S.W.3d at 494. Even if the evidence is uncontroverted that the attorney's fees incurred are reasonable and necessary, a court may decide it is not equitable or just to award them. *Flaim*, 2019 WL 4493325, at *2 (citations omitted). Additionally, since an award of attorney's fees is not dependent on a finding that a party has substantially prevailed, the trial court is not required to award attorney's fees to a prevailing party in a declaratory judgment. *See id.* (citation omitted).

The Ullriches had the burden of establishing the trial court abused its discretion in denying an award of attorney's fees. *See Sanchez v. AmeriCredit Fin. Servs., Inc.*, 308 S.W.3d 521, 526 (Tex. App.—Dallas 2010, no pet.) (citations omitted). The trial court heard Goodman testify that the Meijers were not in violation

12

of the deed restrictions or guidelines. The trial court also considered Goodman's testimony that both parties' fences violated the guidelines because the fences do not have any reinforcements facing the interior of the properties. The trial court also heard Conrad testify that he moved his storage shed as soon as he received notice from RPCIA that it is was too close to the Ullriches' fence. On this record, we hold the trial court did not abuse its broad discretion by refusing to award attorney's fees. *See id.*; *Sunday Canyon Prop. Owners Ass'n v. Annett*, 978 S.W.2d 654, 658–59 (Tex. App.—Amarillo 1998, no pet.) (concluding trial court did not err by not awarding either party attorney's fees in a dispute over the enforceability of modified restrictive covenants). We overrule issue two. Having overruled both of the Ullriches' issues, we affirm the trial court's judgment.

AFFIRMED.

_____
W. SCOTT GOLEMON
Chief Justice

Submitted on August 9, 2022
Opinion Delivered December 1, 2022

Before Golemon, C.J., Kreger and Horton, JJ.

13