# NO. 12-24-00084-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DEBRA CHRISTIAN AND THE CHRISTIAN LIVING TRUST, APPELLANTS* | § | *APPEAL FROM THE 188TH* |
| *V.* | | |
| | § | *JUDICIAL DISTRICT COURT* |
| *ACIREMA CORPORATION, TOG ENERGY, M-C PRODUCTION AND DRILLING CO., INC., AND DAVID M. CHANDLER, APPELLEES* | § | *GREGG COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Appellants, Debra Christian (Christian) and the Christian Living Trust (the Trust), appeal the trial court's award of attorney's fees to Appellees, Acirema Corporation, TOG Energy, M-C Production and Drilling Co., Inc., and David M. Chandler. In one issue, Appellants claim that the trial court abused its discretion in awarding attorney's fees to Appellees. We affirm.

## BACKGROUND

Christian is the owner of a fractional interest in minerals beneath two tracts of land located in Gregg County, Texas, on which Appellees operated oil wells since approximately 2000. Christian originally sued Appellees in the 188th District Court of Gregg County, Texas, on March 2, 2015, and subsequently amended her petition to add the Trust as a plaintiff.[1] In her

---

[1] The Second Amended Petition states that the Trust was made a plaintiff as "a matter of caution," although Christian did not believe the Trust owned the interests at issue. The pleading varyingly refers to both "Plaintiff" (and uses the pronoun "she") and plural "Plaintiffs." For purposes of this opinion, we assume that the references to "Plaintiff" encompass both Christian and the Trust.

Second Amended Petition,[2] Christian alleges that she is Appellees' mineral cotenant and requests an equitable accounting regarding her share of the net revenues from the oil wells, for which she believed she was underpaid. Christian specifically requested that Appellees "account to her on the basis of the value of any minerals taken, less the necessary and reasonable costs of production and marketing." Under the heading "Declaratory Relief," the petition continues:

> Pursuant to the Uniform Declaratory Judgment Act, Texas Civil Practice and Remedies Code Section 37.001 et seq., Plaintiff requests that this Court issue a declaratory judgment declaring (a) Defendant's wells have reached payout status and (b) Plaintiff is entitled to an equitable accounting for her share of the net proceeds.
>
> By granting the declaratory relief sought by Plaintiff, this Court will clarify ongoing and continuing disputes as to Plaintiff's rights to an equitable accounting for her share of net production proceeds from the tract and as to Plaintiff's entitlement to share in oil and gas production revenues associated with the tract.

The petition also asserts, "The Plaintiff seeks relief under the Uniform Declaratory Judgment Act. The Court, therefore, may award Plaintiff her reasonable and necessary attorney's fees."

The record indicates that one or more of the Appellees provided Christian with the requested accounting during the pendency of the litigation, but she was unsatisfied with the information provided. Therefore, the bench trial of this matter commenced on February 5, 2024. Appellees proceeded under the theory that Christian was not an "unleased cotenant" as to the mineral interests at issue, but rather a mineral owner under an existing lease, which would not entitle her to an equitable accounting. Christian testified regarding her acquisition of the interests at issue through a lengthy series of alleged inheritances and transactions involving members of her family. Chandler testified on behalf of M-C Production and Drilling Co., Inc. (M-C), an oil operator, as to how M-C acquired *its* rights over the tracts of land at issue and subsequent sales and assignments of those rights, as well as the status of Christian and her predecessors in interest as royalty owners rather than cotenants. C.V. Dickson, a certified professional petroleum landman, gave expert testimony regarding Christian's royalty interests, and opined that based on his review of the relevant records, Christian's statements about the interest she claimed to own were incorrect, and the pipeline companies (not parties to the lawsuit) correctly paid Christian.

---

[2] The Second Amended Petition also alleges causes of action for conversion and "excessive use of the surface," but at the time of trial, the attorneys for both sides appeared to agree that those causes of action were no longer at issue.

Appellees' trial counsel, Kyle Kutch, testified to his attorney's fees (over objection from Appellants' counsel), and submitted billing records. He became involved with this case in 2014, but was not requesting fees for any time before February 2, 2015. He charged $200.00 per hour for his work, which he described as a "generous low charge for attorneys in this area" and a "common charge" for local attorneys. Kutch's work on the case included answering the suit, answering lengthy discovery, taking at least one deposition, and appearing at trial. He requested an award of $23,163.09 in attorney's fees.

After the close of evidence, the trial court ultimately ruled in favor of Appellees on Appellants' claims and awarded the requested attorney's fees. Appellants subsequently moved for a new trial, seemingly on the ground that the trial court did not determine the case under the Uniform Declaratory Judgments Act (UDJA). Following a hearing, the trial court denied the motion. This appeal followed.

**ATTORNEY'S FEES**

In their sole issue, Appellants contend that the trial court abused its discretion in awarding attorney's fees to Appellees.

**Standard of Review and Applicable Law**

We review a trial court's award of attorney's fees for an abuse of discretion. *See El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 761 (Tex. 2012). A trial court abuses its discretion when it acts arbitrarily, unreasonably, or without regard to guiding legal principles. *Ford Motor Co. v. Garcia*, 363 S.W.3d 573, 578 (Tex. 2012). We presume that the trial court acted within the bounds of its discretion unless the record shows the contrary. *See Sanchez v. AmeriCredit Fin. Servs., Inc.*, 308 S.W.3d 521, 526 (Tex. App.—Dallas 2010, no pet.).

Attorney's fees are generally not recoverable unless authorized by statute or contract. *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 310-11 (Tex. 2006). The Texas Civil Practice and Remedies Code provides that in any proceeding under the UDJA, "the court may award costs and reasonable and necessary attorney's fees as are equitable and just." TEX. CIV. PRAC. & REM. CODE ANN. § 37.009 (West 2023). Prevailing party status is not a prerequisite to an award of attorney's fees in a declaratory judgment action; the court may also award costs to a non-prevailing party if such award would be equitable and just. *Id.*; *see also State Farm Lloyds v. C.M.W.*, 53 S.W.3d 877, 894 (Tex. App.—Dallas 2001, pet. denied).

**Analysis**

Appellants' brief is disjointed and difficult to follow; we largely derive our understanding of the facts and procedural history of this case from Appellees' brief and our own review of the record. Appellants do not purport to begin their argument until the tenth page of their brief (out of twelve pages, excluding the signature page). The summary of argument states in relevant part, "The concept of equitable accounting implies that the Court can not provide an answer at law the record reflects otherwise in light of the Accounting provided and litigated." Appellants then cite to case law on the general applicability of the equitable accounting remedy, reproduce Section 37.004(a) of the Texas Civil Practice and Remedies Code (which provides the scope of the UDJA), and recite the abuse of discretion standard applicable to this case.

As best we can discern, the entirety of Appellants' argument and analysis regarding the issue of attorney's fees is as follows (errors reproduced from the original):

> It is clear from the record that Plaintiff received what she sought under Section IV an "Accounting" . If indeed an "Equitable Accounting" requires "the facts and accounts presented are so complex that adequate relief may not be obtained at law". Appellant would tender to this Honorable Court that base on the parameter of Tex. Civ. Prac. & Rem. Code§ 37.004(a) state below the concept of adequate relief may not be obtain at law would conflict with the primary thrust of the Declaratory Judgment Act[.]
>
> …
>
> In the fame work the Standard of Review the record reflects nothing that would dictate that the application of Equity would come into play in the case at hand and as previously noted the concept of Equity dictates that the action sought beyond the At Law Remedies Declaratory Judgment stands for a review of a document and an the pronounce to wit, a declaration as to the rights contained therein.
>
> In summary the trial court's award of Attorney Fee was and abuse of discretion because the award was inequitable and unjust because they exceeds the bounds of the Declaratory Judgment and the present of the Accounting under Section IV reflects the present of an At Law Remedy.

"An appellate brief is meant to acquaint the court with the issues in a case and to present argument that will enable the court to decide the case." *Schied v. Merritt*, No. 01-15-00466-CV, 2016 WL 3751619, at *2 (Tex. App.—Houston [1st Dist.] July 12, 2016, no pet.) (mem. op.). Rule 38.1 of the Texas Rules of Appellate Procedure mandates that an appellant's brief contain a clear and concise argument for the contentions made, with appropriate citations to authorities and the record. TEX. R. APP. P. 38.1(i). To comply with Rule 38.1, an appellant must cite existing and relevant legal authority and apply the facts to the cited law to show *how* the trial court

4

committed error. *See id.*; ***Golden v. Milstead Towing & Storage***, No. 09-21-00043-CV, 2022 WL 1412303, at \*4 (Tex. App.—Beaumont May 5, 2022, no pet.) (mem. op.) (citing ***Barham v. Turner Constr. Co. of Tex.***, 803 S.W.2d 731, 740 (Tex. App.—Dallas 1990, writ denied)). The failure to brief, or to adequately brief, an issue by an appellant effects a waiver of that issue on appeal. ***RSL Funding, LLC v. Newsome,*** 569 S.W.3d 116, 126 (Tex. 2018).

Appellants' briefing is almost entirely devoid of any substantive argument on the actual issue presented, and what little argument Appellants make is largely incomprehensible. We liberally construed Appellants' brief in order to give effect to their arguments, but we are prohibited from researching the law and fashioning a coherent legal argument for an appellant who fails to do so. *See* TEX. R. APP. P. 38.9; ***Zhang v. Capital Plastic & Bags, Inc.***, 587 S.W.3d 82, 90 (Tex. App.—Houston [14th Dist.] 2019, pet. denied); *see also* ***Roberts for Roberts v. City of Texas City***, No. 01-21-00064-CV, 2021 WL 5702464, at \*2 (Tex. App.—Houston [1st Dist.] Dec. 2, 2021, no pet.) (mem. op.) (appellate court may not abandon its role as judge and assume the role of advocate for a party). We conclude that Appellants inadequately briefed their sole issue and waived that issue for our review. *See* TEX. R. APP. P. 38.1(i); ***Lance v. Robinson***, 543 S.W.3d 723, 745 (Tex. 2018) (refusing to consider issue when briefing presented "disjointed statements that propose[d] no clear or concise argument").

Even had Appellants adequately briefed the issue of attorney's fees, we cannot conclude the record "clearly shows" that the trial court abused its discretion in awarding said fees to Appellees. *See* ***Bocquet v. Herring***, 972 S.W.2d 19, 21 (Tex. 1998). The trial court's judgment contains a finding in Appellees' favor on all of Appellants' claims, explicitly including Appellants' declaratory judgment claim. Further, a party may seek a declaration of its rights or status under the UDJA, and multiple witnesses testified as to Christian's alleged status vis-à-vis the mineral interests at issue and therefore her right to an accounting. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 37.004 (West 2023). Appellees presented testimonial and documentary evidence from which the trial court could evaluate the reasonableness and necessity of the attorney's fees sought, as well as whether the award was equitable and just, and there is no indication that the trial court's decision was arbitrary or unreasonable. *See, e.g.*, ***Ridge Oil Co. v. Guinn Invs., Inc.***, 148 S.W.3d 143, 162 (Tex. 2004) ("equitable and just" determination is not susceptible to direct proof but is a matter of fairness in light of all the circumstances); ***Protect Environmental Services, Inc. v. Norco Corp.***, 403 S.W.3d 532, 543 (Tex. App.—El Paso 2013,

pet. denied) ("[T]rial judges can draw on their common knowledge and experience as lawyers and as judges in considering the testimony, the record, and the amount in controversy in determining attorney's fees."). Based upon our review of the record, and in consideration of the presumption that the court acted within the bounds of its discretion, we conclude that the trial court did not err in its award of attorney's fees to Appellees. *See Sanchez*, 308 S.W.3d at 526.

We overrule Appellants' sole issue. Further, to the extent Appellants attempt to raise issues in their brief other than those addressed in this opinion or to the extent we misunderstand their arguments based on their incomprehensibility, we hold those issues have been waived as inadequately briefed, and we overrule them. *See 2008 Lexus GX470 v. State*, 660 S.W.3d 541, 543 (Tex. App.—San Antonio 2022, no pet.).

## DISPOSITION

Having overruled Appellants' sole issue, we ***affirm*** the judgment of the trial court.

**BRIAN HOYLE**
Justice

Opinion delivered October 9, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

6



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

### OCTOBER 9, 2024

### NO. 12-24-00084-CV

**DEBRA CHRISTIAN AND THE CHRISTIAN LIVING TRUST,**
Appellants
V.
**ACIREMA CORPORATION, TOG ENERGY, M-C PRODUCTION AND DRILLING
CO., INC., AND DAVID M. CHANDLER,**
Appellees

Appeal from the 188th District Court
of Gregg County, Texas (Tr.Ct.No. 2015-377-A)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED, and DECREED that the judgment of the court below **be in all things affirmed**, and that all costs of this appeal are hereby adjudged against the Appellants, **Debra Christian and the Christian Living Trust**, for which execution may issue, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*